669 So.2d 667 (1996)
STATE of Louisiana, Appellee,
v.
Dexter James BLACK, Appellant.
No. 28100-KA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 1996.
*669 John Michael McDonald, Shreveport, for Appellant.
Richard Ieyoub, Attorney General, Paul Carmouche, District Attorney, Theresa H. Bloomfield, Asst. District Attorney, for Appellee.
Before SEXTON and GASKINS, JJ. and CLARK, J. Pro Tem.
CLARK, Judge Pro Tem.
Defendant entered a plea of guilty to one count of manslaughter, a violation of LSA-R.S. 14:31, pursuant to a plea bargain which obtained a reduction of the charge of second degree murder. The trial court imposed the maximum sentence of 40 years and denied a timely motion for reconsideration. Defendant urges that the sentence is excessive and that the trial court failed to articulate adequate reasons to support the sentence. We affirm.

FACTS
On May 21, 1994, the 20-year-old defendant, Dexter Black, and three companions were in a yard on East 73rd Street in Shreveport. The victim, Timothy Pace, drove up and asked to buy marijuana. Defendant ordered Pace from the car at gunpoint. Pace begged Black not to hurt him, but Black hit him in the head with the gun and forced him into the trunk of the car.
Black, along with his three companions, drove to a gas station located a few blocks away. In route to the gas station, Black discussed his plan to rob Pace, shoot him, and dump his body in the Red River. At the gas station, Pace tried to escape by kicking out the back seat. A co-defendant hit him with a pistol and handed it to Black who shot Pace at least four times at close range.

DISCUSSION
Prior to imposing sentence the trial judge considered a PSI report and a sentencing guidelines worksheet. The defendant had dropped out of school after the eighth grade and had no employment history. Although this was his first felony, he had a juvenile record for carrying a concealed weapon and disturbing the peace.
The court noted that grid cell 1-G of the sentencing guidelines recommended 60-90 months of incarceration for a typical case. However, the court determined this was not a typical manslaughter. The court found this was a senseless, needless, and cruel homicide. There were no mitigating circumstances other than the guilty plea itself. The initial charge was first degree murder. Defendant had displayed an utter disregard of human life and factually was guilty of murder.
The Louisiana Sentencing Guidelines were repealed by Acts 1995, No. 942, which became effective August 15, 1995. However, the guidelines were in effect and applicable when this defendant was sentenced. Under State v. Smith, 93-0402 (La. 7/5/94), 639 So.2d 237, a trial judge, having properly considered the guidelines, has complete discretion to reject them and impose any sentence which is not constitutionally excessive, provided the trial court states for the record the considerations taken into account and the factual basis for the sentence imposed. When the trial judge has considered the guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, the reviewing court is limited to the question of constitutional excessiveness, without regard to whether the trial judge employed or deviated from the guidelines. State v. Smith, supra; State v. Tuttle, 26,307 (La.App. 2d Cir. 9/21/94), 643 So.2d 304; State v. Farley, 26,377 (La.App. 2d Cir. 9/21/94), 643 So.2d 300; State v. Walters, 26,647 (La.App. 2d Cir. 12/7/94), 648 So.2d 7.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, *670 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate when the crime and punishment, considered in light of the harm done to society, shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La. 1985); State v. Thompson, 25,583 (La.App. 2d Cir. 1/19/94), 631 So.2d 555. A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988); State v. Thompson, supra.
As a general rule, maximum sentences are appropriate only in cases involving the most serious violation of the offense and the worst type of offender. State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988); State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991). However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through plea bargain and the offense involves violence upon a victim. State v. Richardson, 446 So.2d 820 (La.App. 2d Cir.1984). Here, due to the unique facts and circumstances of this case, we do not find constitutional error in the imposition of the maximum allowable sentence.
In State v. Harrison, 529 So.2d 78 (La. App. 3rd Cir.1988), the appellate court affirmed a 21-year maximum sentence for manslaughter. The defendant, who had no prior convictions, pled guilty to manslaughter after participating in the killing of a robbery victim. In the present case, the defendant kidnaped the victim and killed him as part of a plan to commit a robbery.
State v. Taylor, 91-2496 (La. 4th Cir. 3/29/94), 635 So.2d 416, found a 21-year maximum sentence for manslaughter was not excessive where the defendant shot the victim four times as the victim was attempting to flee from an argument concerning damage to a car. In the present case, the victim was shot at least four times while attempting to flee; there was no justification for the use of deadly force.
In State v. Freelon, 26,938 (La.App. 2d Cir. 5/10/95), 655 So.2d 687, we held that a combination of deliberate cruelty to a victim and the commission of another offense elevates a "typical" case of manslaughter to the "worst type" of the offense. In the present case, the victim was struck on the head, confined in the car trunk, and struck again immediately prior to the murder.
The trial judge was aware of and considered defendant's background, and adequately stated his reasons for imposition of this sentence. We find no abuse of discretion. The benefit of the plea bargain was substantial. If convicted of second degree murder defendant would have faced a mandatory term of life in prison. Under the circumstances, the sentence imposed is warranted. It is neither grossly out of proportion to the seriousness of the offense nor does it shock the sense of justice. The assigned errors pertaining to the sentence are without merit.

ERROR PATENT REVIEW
We have examined the record for error patent and noted that while the amended bill of information to which defendant pled guilty is captioned "State of Louisiana versus Dexter Black" the body of the charge states that "Anthony Black" committed the offense. Anthony Black was a co-defendant in this case. Defendant did not object to the form or content of the bill of information. The law is that the technical sufficiency of a bill of information may not be questioned after conviction where the accused has been fairly informed of the charge against him by the bill of information, has not been prejudiced, has not raised an objection thereto prior to the judgment of guilt, and is protected against further prosecution by examination of the pleadings and the evidence. State v. James, 305 So.2d 514 (La.1974); State v. Shelton, 545 So.2d 1285 (La.App. 2d Cir.), writ denied, 552 So.2d 377 (La.1989). Thus, the mistake as to the defendant's name in the noted portion of the bill of information is *671 harmless error. No other error patent was noted.
The conviction and sentence are affirmed.
AFFIRMED.