764 So.2d 197 (2000)
STATE of Louisiana, Appellee,
v.
John Henry BROWN, Appellant.
No. 33,501-KA.
Court of Appeal of Louisiana, Second Circuit.
June 21, 2000.
*198 Louisiana Appellate Project by J. Wilson Rambo, Counsel for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Stephen T. Sylvester, Assistant District Attorney, Counsel for Appellee.
Before WILLIAMS, STEWART and KOSTELKA, JJ.
STEWART, J.
The state charged the defendant, John Henry Brown, with aggravated rape, a violation of La. R.S. 14:42 punishable by a mandatory sentence of imprisonment for life at hard labor without benefit of parole, probation or suspension of sentence. The defendant agreed to plead guilty to a reduced charge of forcible rape, a violation of La. R.S. 14:42.1 punishable by imprisonment for not less than five years nor more than forty years at hard labor, with at least two years of the sentence to be served without benefits. The state agreed not to charge the defendant as a habitual offender. Following the denial of the defendant's timely motion for reconsideration of sentence, he appeals as excessive his sentence of forty years without benefits and without eligibility for diminution of sentence for good behavior. Also, the defendant asserts that the trial court failed to articulate adequately its reasons for sentence, and that the trial court erred in denying the accrual of "good time" and in ordering the entirety of the sentence to be served without benefits. We hereby affirm.

*199 FACTS
On July 30, 1998, the defendant persuaded his former girlfriend, Celestine Mangham, the victim, to give him a ride. The defendant was angry and intoxicated when he entered the victim's van. The defendant beat the victim on her face, chest and shoulders with his fists. He then obtained a tire iron and struck the victim on the legs and stomach. He told her she could scream all she wanted because she was going to die. The defendant eventually drove the victim to a wooded area, while continuing to say she was going to die. The victim was unable to flee due to her injuries and due to a fear she would be killed if she tried to escape. The defendant ripped the victim's clothing from her body and raped her. Then, the defendant took the victim to his sister's house, thinking she was not at home. Subsequently, the defendant's sister, who was at home, forced the defendant to release the victim and took her to a hospital.

DISCUSSION
By assignment of error, the defendant contends that the trial court's imposition of the maximum sentence of forty years without benefits and without eligibility for diminution of sentence for good behavior constitutes excessive punishment. In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show adequate consideration of the criteria set forth in La. C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). Remand is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 475 (La.1982). Our review indicates that the instant record contains a sufficient factual basis to support the sentence adjudged.
The second inquiry into a claim of excessive sentence requires an examination of the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
A trial court has wide discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
Diminution of sentence for good behavior shall not be allowed an inmate in the custody of the Department of Public Safety and Corrections if the inmate has been convicted of any crime of violence as defined in La. R.S. 14:2(13). La. R.S. 15:571.3(C)(q). Forcible rape is a crime of violence. La. R.S. 14:2(13)(j). See also La.C.Cr.P. art. 890.1(B), which provides that if a person pleads guilty to a crime of violence and is sentenced to imprisonment for a stated number of years or months, the sentencing court may deny eligibility for diminution of sentence for good behavior unless such diminution is prohibited by La. R.S. 15:571.3(C) or (D). The law further provides that a person convicted of a third or subsequent felony offense and committed to the Department of Public Safety and Corrections shall not be eligible for parole. La. R.S. 15:574.4(A)(1).
*200 In determining the sentence which would be imposed on this defendant, the trial court considered the contents of a pre-sentence investigation report and the information adduced at a preliminary examination. The trial court noted that the circumstances of the case were "at best, disturbing." The trial court observed that the defendant's stated reason for his attack upon the victim was his belief that she was not being sufficiently considerate of him concerning the death of his mother. The trial court found there was no justification for the defendant's criminal conduct. The trial court also reviewed pictures of the victim and her medical records.
On this record, we do not find constitutional error. The defendant is not a youthful offender. He was 35 years of age when the subject incident occurred. He is classified as a fourth felony offender, with prior convictions for felony theft, attempted unauthorized entry of an inhabited dwelling and simple escape. The defendant also has a significant misdemeanor criminal history, including multiple convictions for theft, shoplifting and battery, as well as convictions for numerous traffic violations. Furthermore, the defendant has had probation revoked. He was on unsupervised probation at the time of the instant offense.
The defendant obtained a very substantial benefit from his plea bargain, both by being allowed to plead guilty to an offense which does not adequately describe his conduct and by securing a significant reduction in the sentencing exposure he faced. The evidence in this matter would support charges of attempted second degree murder, second degree kidnapping and aggravated rape. The reduction in the charge, which involved extreme violence upon the victim, negated the possibility of a life sentence. The state's agreement not to charge the defendant as a multiple offender also greatly reduced his sentencing exposure. Furthermore, the defendant has a history of violence, including beating his brother with an iron pipe, threatening his mother's life, attempting to molest a female, striking a security guard when detained for shoplifting, using a firearm to assault a different ex-girlfriend, pushing a third ex-girlfriend to the ground after a short argument, and later hitting that same woman with a beer bottle.
The defendant's sentence is not constitutionally excessive. Under the circumstances of the case, and considering the defendant's background, the sentence does not shock the sense of justice, nor does the term of imprisonment imposed constitute an abuse of the trial court's sentencing discretion. In denying eligibility for parole and diminution of sentence for good behavior, the trial court merely stated the results required by law for a person convicted of a crime of violence. There is no showing that the trial court abused its sentencing discretion. This assignment of error lacks merit.

CONCLUSION
Based on the foregoing, we hereby affirm the defendant's conviction and sentence.
AFFIRMED.