| KOSTELKA, Judge Pro Tempore.
April Dawn Wright (‘Wright”) pled guilty as charged to one count of first degree robbery, La. R.S. 14:64.1. The trial court sentenced her to eighteen years at hard labor without benefit of parole, probation or suspension of sentence. Upon the denial of her motion to reconsider sentence, Wright lodged this appeal contending that the imposed sentence is excessive. We affirm.
*1002 Facts
On January 24, 2001, Wright and an accomplice, Joyce McKenzie (“McKenzie”), asked to speak with Margaret Heacock (“Heacock”), the co-owner of Holy Cross Child Placement Agency, as she arrived for work. Heacock recognized Wright as a client of her business who had given up a child for adoption in December of 2000. For the adoption, Wright had allegedly expected a final payment of $10,000 but was given only $2,500. Wright had visited Heacock’s office without incident the day prior to this event. Once the three were in Heaeock’s office, Wright began to hit Heacock, eventually shoving her onto a couch. Wright indicated that she had a gun and threatened to kill Heacock. She forced Heacock to write out a company check for $10,000 before handcuffing her to a filing cabinet. Heacock’s purse, cash, credit cards, car keys and a cell phone were stolen. Before leaving the scene, Wright had Heacock forward the business’s phone calls to the stolen cell phone. Wright and McKenzie drove from the scene in Heacock’s car to a local check-cashing establishment. With the aid of the cell phone, the two were able to cash the check and received the money in | ¿tvrenty-dollar bills. Approximately one month after this event, Wright and McKenzie were arrested in Dallas, Texas and extradited to Louisiana.
Discussion
On appeal, Wright argues that the trial court failed to adequately comply with the provisions of La.C.Cr.P. art. 894.1 and imposed an excessive sentence. However, a review of the grounds set forth in her motion to reconsider sentence shows that Wright failed to raise as an issue the adequacy of the trial court’s compliance with La.C.Cr.P. art. 894.1. Accordingly, she is now precluded from raising this ground for the first time on appeal and is relegated to a review for constitutional excessiveness only. La.C.Cr.P. art. 881.1.[1]
A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in fight of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.04/02/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. State v. Black, 28,100 (La.App.2d Cir.02/28/96), 669 So.2d 667, writ denied, 96-0836 (La.09/20/96), 679 So.2d 430. Absent a showing of |amanifest abuse of that discretion, a reviewing court may not set aside a sentence. State v. Guzman, 99-1753 (La.05/16/00), 769 So.2d 1158.
Prior to imposing sentence, the district court considered a presentence investigation report which provided detailed information concerning Wright who, at the time of the offense, was twenty-eight years old. The court found Wright to be in need of custodial treatment and that a lesser sentence would deprecate the seriousness of the offense. The court also determined that her conduct manifested deliberate cruelty as she had threatened the victim’s fife, handcuffed her, used threats of actual violence, and caused significant mental injury to the victim who was particularly *1003 vulnerable due to her age. The court noted the seriousness of the offense which was instigated and controlled by Wright and involved multiple incidents for which separate sentences were not being imposed. Additionally, the court pointed out that as a result of the guilty plea, the state did not file an habitual offender bill. In mitigation, the court found that Wright had acted under provocation. The court considered Wright’s third felony status with prior convictions for theft, forgery, soliciting for immoral purposes, possession of marijuana, and middle-grade theft for which her probation was revoked.
For the first degree robbery conviction, Wright faced a potential sentencing exposure of not less than three nor more than forty years without benefit of parole, probation or suspension of sentence. La. R.S. 14:64.1. Accordingly, the imposed punishment is less than half of Wright’s potential sentencing exposure. On this record, we do not find constitutional error in the prison term. Wright’s history of larceny-related offenses has, in this Lease, escalated to a crime of violence which she committed without reasonable justification nor remorse. Moreover, Wright is a third felony offender who has obviously failed to benefit from prior sentencing leniency. In these circumstances, we cannot find this mid-range sentence to be either inappropriate for this offender nor grossly disproportionate to the severity of the offense. We affirm the conviction and sentence.
AFFIRMED.

. Even so, the record before us displays more than sufficient La.C.Cr.P. art. 894.1 compli-anee by the trial court.