_JjDREW, J.
The state charged defendant, Robert Scott Hyde, with one count of second degree murder arising from the October 2001 homicide of Hugh Bozman.[1] Defendant elected to enter a guilty plea under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to a reduced charge of manslaughter. The court conducted a lengthy sentencing hearing and directed that defendant serve 35 years at hard labor. The court denied an oral motion for reconsideration which did not state any grounds. On appeal, defendant argues only that the sentence is excessive. We affirm the conviction and sentence.
The matters of record show that on October 8, 2001, defendant and Bozman, after drinking at Bozman’s Richland Parish residence, began arguing concerning Bozman’s treatment of Wendy Couch. *489 Couch and Katherine Meloche said that the defendant and Bozman were outside the house, not in their presence, when they heard Bozman scream. There was silence for a short period of time, then defendant drove away in Bozman’s truck. Both Couch and Meloche later reported Bozman missing. Investigators subsequently learned that Couch had complained to defendant about Bozman’s treatment of her and had said she wished him dead. Defendant responded that he could make that happen and make it look like an accident.
According to testimony at a bond reduction hearing, after defendant was advised of his rights, he told investigators that he had hit Bozman on the forehead with a brick after Bozman had thrown a brick at him. 12Pefendant added that he then got on top of Bozman, put his hands on Boz-man’s throat, and applied pressure. Defendant believed that he crushed Bozman’s windpipe; he heard several gurgling sounds until Bozman was dead. Defendant placed Bozman’s body in Bozman’s truck and drove off in the truck to find a location to dispose of the body. We note that it was stated by the prosecution during the factual basis for the guilty plea that defendant threw Bozman to the ground and crushed his skull. Defendant gave information to the authorities to help them locate Bozman’s body, which was discovered in February 2002.
An autopsy revealed that Bozman had multiple facial fractures consistent with more than one blow to the face, and multiple bilateral rib fractures consistent with at least one major blow to each side of the chest. No definitive cause of death could be determined. The investigation took several weeks, as defendant had fled to Baton Bouge and Mexico after the homicide.
The jurisprudence holds that when a defendant’s motion for reconsideration urges merely that the sentence is excessive, or fails to specify any grounds for reconsideration, he is relegated only to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992).
|3A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. This is particularly true in cases where the offense involves violence upon a victim. Id. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
The record shows that, prior to imposing sentence, the court considered testimony from Katherine Meloche, defendant’s girlfriend, who testified that defendant and Couch discussed how defendant could kill someone with his bare hands and that the body would be gone. Defendant, age 28 at the time of the homicide, weighed 200 pounds and was 6'3" tall while Bozman, age 60, was 5'9" tall and weighed 170 pounds. The court noted that defendant had fled to Mexico in Bozman’s truck, which Couch had told defendant he could have, after he had asked her what he could have if he “made it happen,” or words to *490 that effect. The autopsy report confirmed that Bozman suffered from a severe beating prior to his death. The court considered defendant’s social and family history and his employment record. He had felony convictions for carnal knowledge of a juvenile and possession of a controlled dangerous substance. He had been |4granted probation, but it was revoked; he then gained parole, but it was revoked twice. In mitigation, the court found defendant had a troubled youth. His parents had divorced, and his step-father had killed his mother and supplied drugs to defendant.
The court did not believe defendant’s version that Bozman began the fatal altercation by throwing a brick. The autopsy revealed a great deal of violence and viciousness had occurred, including a savage beating which caused Bozman’s death. The dumping of the body showed a presence of mind contrary to defendant’s claim of extreme intoxication, as did the fact that he was not charged with DWI when he was stopped by police for traffic violations on the night of the homicide. Finally, the court stated its opinion that the evidence presented a “very strong case” and, because of that, defendant had received “a great deal of benefit” from the reduced charge.
The sentence of 35 years at hard labor for manslaughter is a legal sentence. Since it is less than the maximum allowable, it can be concluded that the court gave some weight to mitigating factors. Considering the nature of the instant homicide, which was well articulated by the trial court, the sentence is not grossly disproportionate to the severity of the offense nor is it shocking to the sense of justice. Defendant received substantial leniency from his plea agreement. The evidence presented would support a conviction for second degree murder. There is no showing of an abuse of the trial court’s broad sentencing discretion.
The conviction and sentence are AFFIRMED.

. This is the spelling of the victim’s name on the bill of information. We note that it is spelled "Bozeman” in the autopsy report.