STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 05-540


STATE OF LOUISIANA

VERSUS

JASON L. FOMOND


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 65758
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and J. David Painter, Judges.

**AFFIRMED.**

**Michael Harson**
**District Attorney, Fifteenth Judicial District Court**
**P.O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**Counsel for Plaintiff/Appellee**
**State of Louisiana**

**Carey J. Ellis, III**
**Louisiana Appellate Project**
**707 Julia Street**
**Rayville, LA 71269**
**(318) 728-2043**
**Counsel for Defendant/Appellant**
**Jason L. Fomond**

**EZELL, JUDGE.**

The Defendant, Jason Fomond, was charged by bill of information on June 28, 2004, with one count of attempted second degree murder, in violation of La.R.S. 14:27 and La.R.S. 14:30.1, and one count of aggravated criminal damage to property, in violation of La.R.S. 14:55. The Defendant entered a plea of not guilty on June 29, 2004. On November 4, 2004, the Defendant withdrew his former plea and entered a plea of guilty to two counts of aggravated assault with a firearm, in violation of La.R.S. 14:37.4. The Defendant was sentenced on February 16, 2005 to serve four years at hard labor on each count to run concurrently. We note that at the guilty plea, the State indicated the Defendant was entering a plea of guilty to La.R.S. 14:37.2. The guilty plea form also lists this statute. Louisiana Revised Statutes 14:37.2 is aggravated assault upon a peace officer with a firearm and carries a maximum sentence of ten years. We find this was an error. At the sentencing hearing, the State indicated the Defendant pled guilty to a cap of five years at hard labor. There is nothing in the guilty plea colloquy that indicates the Defendant agreed to a cap of five years. Additionally, five years is the maximum sentence provided for by La.R.S. 14:37.4, aggravated assault with a firearm. It is clear that the Defendant received less than the maximum sentence for the two counts of violation of La.R.S. 145:37.4, in that the was sentenced to four years on each count, to run concurrently. A motion to reconsider sentence was filed on March 11, 2005. The motion was denied on March 18, 2005. A motion for appeal and appointment of appellate counsel was filed on March 11, 2005. The Defendant is now before this court asserting one assignment of error. Therein, he contends the sentences imposed by the trial court are excessive. For the following reasons, this court finds the Defendant's sentences are not excessive.

# FACTS

The Defendant committed two counts of aggravated assault with a firearm on April 22, 2004. The only other facts regarding the incident were mentioned by the Defendant at sentencing. The Defendant addressed the court at sentencing, stating the following: "when I hit her house with the pistol I shot, I realize I could have really hurt somebody bad."

# ASSIGNMENT OF ERROR

In his sole assignment of error, the Defendant contends the concurrent hard labor sentences of four years imposed for the convictions of aggravated assault with a firearm are excessive.

This court has set out the standard for reviewing an excessive sentence as follows:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.'" *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

> The fifth circuit, in [*State v.*] *Lisotta*, [98-646 (La.App. 5 Cir. 12/16/98),] 726 So.2d [57] at 58, stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

> 1. The nature of the crime,

> 2. The nature and background of the offender, and

2

3. The sentence imposed for similar crimes by the same court and other courts.

*State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59.

The Defendant and his mother both spoke on his behalf at the sentencing hearing. No other witnesses or evidence was presented. The trial court then made the following remarks:

> Well, I realize that you come from good parents, that's for sure, and the fact that your mom has come all the way down here to be with you in this situation. I think you saved yourself some time in prison by having your mom here and by your apologetic approach to this. I hope that you've learned a lesson. And I've said this before, everybody makes mistakes, but smart people learn from their mistakes. So, I'll be quite honest, I could give you up to ten years, five on each count. And I was going to give you five and five to run concurrent, meaning you would serve a total of five years and then get released on parole. I'm going to give you four and four to run concurrent. And because of the situation, I'll cut a year off of your time, okay, that I was planning to give you. So you'll have four years hard labor on each count to run concurrent with one another.

According to La.Code Crim.P. art. 881.3, this court may consider the following when reviewing a sentence: "any evidence or relevant information introduced at preliminary hearings, hearings on motions, arraignments, or sentencing proceedings, and any relevant information included in a presentence investigation report filed into the record at sentencing."

We note the facts of the case were not discussed at the sentencing hearing. Additionally, at the time the Defendant entered his guilty plea, the State merely informed the trial court of the following: "on of about April 22, 2004, Jason Fomond in Acadia Parish committed aggravated assault with a firearm in violation of 14:37.2, two counts." The Defendant pled guilty subject to a pre-sentence investigation. The only mention of a pre-sentence investigation report (PSI) at sentencing was by defense counsel. He stated the following: "my understanding is that a pre-sentence investigation was completed, and this is just the sentencing in accordance with that

3

prior plea agreement." The trial court never mentioned the PSI, and the PSI was never filed into the record. Despite the lack of facts found in the record, we have addressed the Defendant's claim.

The Defendant was originally charged with attempted second degree murder and aggravated criminal damage to property. A person convicted of attempted second degree murder may be sentenced to a term of imprisonment from ten to fifty years. La.R.S. 14:27, La.R.S. 14:30.1. For a conviction of aggravated criminal damage to property, a person may be sentenced to a term of imprisonment not to exceed fifteen years. La.R.S. 14:55. However, the Defendant pled guilty to two counts of aggravated assault with a firearm. A person who commits "aggravated assault with a firearm shall be fined not more than five thousand dollars, or imprisoned for not more than five years, with or without hard labor, or both." La.R.S. 14:37.4(C). The Defendant was sentenced to serve four years at hard labor on each count to run concurrently.

> A trial court has wide discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. *State v. Black*, 28,100 La.App.2d Cir.2/28/96), 669 So.2d 667, *writ denied*, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. *State v. Square*, 433 So.2d 104 (La.1983); *State v. Washington*, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.

*State v. Brown*, 33,501, pp. 2-3 (La.App. 2 Cir. 6/21/00), 764 So.2d 197, 199, *writ denied*, 00-2186 (La. 10/5/01), 798 So.2d 957.

The Defendant significantly reduced his exposure to confinement by entering into a plea bargain with the State. Therefore, we find the Defendant's sentences are not excessive. Accordingly, this assignment lacks merit.

4

## CONCLUSION

The Defendant's sentences are affirmed.