968 So.2d 328 (2007)
STATE of Louisiana, Appellee
v.
Terrance D. HAMILTON, Appellant.
No. 42,592-KA.
Court of Appeal of Louisiana, Second Circuit.
October 24, 2007.
Laura M. Pavy, Louisiana Appellate Project, for Appellant.
Don Burkett, District Attorney, Michael E. Daniel, Assistant District Attorney, for Appellee.
Before BROWN, GASKINS, and DREW, JJ.
BROWN, C.J.
Defendant, Terrance Hamilton, originally charged with attempted second degree murder, a violation of La R.S. 14:30.1, 14:27, pled guilty to second degree battery, a violation of La. R.S. 14:34.1. Defendant was sentenced to five years imprisonment at hard labor with credit for time served. Defendant has appealed his sentence as excessive. Finding no error, however, we affirm.

Discussion
On April 15, 2006, defendant and Maria Remedies, the mother of his child, drove to Shreveport to buy drugs. After failing to locate their regular drug dealer, the two decided to head back to DeSoto Parish. *329 While in the car on their way back, defendant got angry with Ms. Remedies and began beating her with his fists.
Ms. Remedies unhooked the bungie cord tying the door shut and tried to exit the car, but defendant prevented her from doing so. At some point, Ms. Remedies fell out of the vehicle into a ditch. In her initial statement to police, Ms. Remedies claimed that defendant "shoved her out of the car." At the sentencing hearing, however, both defendant and Ms. Remedies stated that the door simply swung open and she "fell out." Ms. Remedies stated that defendant then forced her back into the car. The victim stated that she tried to get away again but defendant grabbed her by the hair and dragged her back into the car, stating that he was going to kill her when they got home.
Shortly thereafter, the car engine died and defendant got out to check under the hood. Once the car restarted, Ms. Remedies drove off with defendant on the hood of the car. She drove to defendant's parents' home, blowing the horn and yelling for help. In her initial statement, the victim stated that while she was knocking on the door, defendant came up from behind and struck her with a piece of firewood.[1] Thereafter, according to both defendant and Ms. Remedies, defendant punched and kicked her, causing her lung to collapse.[2] The beatings stopped only after defendant's father physically restrained him.
Ms. Remedies was hospitalized for three days due to her injuries. The officer who initially interviewed Ms. Remedies at the hospital noted that the victim appeared to be suffering "great physical pain," and had bruises on her face, neck and arms. Ms. Remedies told the officer that she believed that defendant was "really going to kill her."
Defendant was arrested and charged with attempted second degree murder. At his arraignment, he pled not guilty. On September 6, 2006, Maria Remedies signed an affidavit requesting that the state drop all charges; the prosecution, however, refused to do so. On October 25, 2006, defendant agreed to plead guilty to an amended charge of second degree battery. There was no agreed-upon sentence. The trial court ordered a PSI report and advised defendant that the maximum sentence he could receive on the amended charge was five years imprisonment.
On December 7, 2006, after reviewing the PSI, the victim's impact statement, and the testimony of Ms. Remedies, the trial court sentenced defendant to five years imprisonment at hard labor with credit for time served, with the sentence to run consecutively with any other sentence defendant might be serving.

Discussion
Defendant's sole assignment of error is that his maximum sentence of five years at hard labor is excessive.[3]
*330 A trial court has broad sentencing discretion. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1753 (La.05/16/00), 769 So.2d 1158; State v. June, 38,440 (La. App.2d Cir.05/12/04), 873 So.2d 939; State v. Black, 28,100 (La.App.2d Cir.02/28/96), 669 So.2d 667. Where a significant reduction in potential exposure to confinement has been obtained through a plea bargain and the offense involves violence upon a victim, the imposition of the maximum sentence for the pled offense is within the trial court's broad discretion. State v. Black, 28,100 (La.App.2d Cir.02/28/96), 669 So.2d 667, writ denied, 96-0836 (La.09/20/96), 679 So.2d 430.
In the instant case, the record shows that the trial court considered the PSI and took cognizance of the relevant statutory factors in sentencing defendant. The PSI revealed that defendant has an adult criminal record. In 2000, defendant was charged with aggravated rape, but allowed to plead guilty to a reduced charge of carnal knowledge of a juvenile. In 2004, defendant pled guilty to simple battery (domestic violence). The PSI also revealed that defendant had bench warrants for simple battery issued in November 2003 and March 2006. Only two months before the instant offense, defendant was charged with two counts of aggravated second degree battery, although these charges were later dismissed at the request of the victims. The trial court also considered the victim impact statement, as well as defendant's age (24 years old) and personal history.
La. R.S. 14:34.1 provides that whoever commits the crime of second degree battery "shall be fined not more than two thousand dollars or imprisoned, with or without hard labor, for not more than five years, or both." Although five years is the maximum term of imprisonment under La. R.S. 14:34.1, it is only ½ of the statutory minimum sentence for attempted second degree murder, the offense with which defendant was originally charged. See La. R.S. 14:27(D)(1)(a).
Based upon the facts of this case, defendant's criminal history and the likelihood that defendant would commit further crimes of violence against Ms. Remedies or others in the future, the trial judge stated that "if I could've imposed more than a five-year sentence I would have." The sentence imposed is neither shocking nor grossly disproportionate to the seriousness of the offense given defendant's background. State v. Smith, 01-2574 (La.01/14/03), 839 So.2d 1; State v. Weaver, 01-0467 (La.01/15/02), 805 So.2d 166.

Conclusion
For the reasons set forth above, defendant's conviction and sentence are AFFIRMED.
NOTES
[1] Ms. Remedies later recanted this statement, saying at that time that defendant "threw" the firewood at her.
[2] During the guilty plea colloquy, defendant denied that the "car incident" occurred, but admitted that he "hit [Maria Remedies] in the ribs" and "collapsed her lung."
[3] Defendant has also asked this court to review the record for errors patent, an unnecessary request since such a review is made automatically in criminal cases. State v. Bryant, 29,344 (La.App.2d Cir.05/07/97), 694 So.2d 556. Our review of the record reveals one error patent. Defendant's motion for appeal, filed on March 5, 2007, was untimely according to La. C. Cr. P. art. 914. The order granting the out-of-time appeal was signed ex parte, but the state has not objected to this action. Under State v. Counterman, 475 So.2d 336 (La.1985), the trial court should have treated the motion as an application for post-conviction relief and given the state an opportunity to respond. Because the state does not object, and in the interests of judicial economy, we will entertain the appeal, noting that defendant would be entitled to reinstatement of his appellate rights pursuant to State v. Counterman, supra. State v. Allen, 40,972 (La.App.2d Cir.05/17/06), 930 So.2d 1122, 1126, fn. 1; State v. Graham, 35,184 (La. App.2d Cir.10/31/01), 799 So.2d 645, 649, fn. 1, writ denied, 02-0059 (La.11/08/02), 828 So.2d 1114.