PITMAN, J.
A jury convicted Defendant Marquell Williams of molestation of a juvenile under the age of 13 and indecent behavior with a juvenile. The trial court sentenced him to 45 years at hard labor, with 25 years to be served without the benefit of parole, probation or suspension of sentence, for the molestation conviction, and to 5 years at *1203 hard labor for the indecent behavior conviction, with the sentences to be served consecutively. Defendant appeals, arguing that his sentences are excessive. For the following reasons, we affirm Defendant's convictions and sentences.
FACTS
On August 25, 2014, the state filed a bill of information charging Defendant with molestation of a juvenile under the age of 13. On September 26, 2016, the state filed an amended bill of information charging Defendant with two counts of molestation of a juvenile. As to Count One, the state alleged that on January 28, 2014, Defendant committed molestation of a juvenile upon V.G.,[1] whose date of birth is September 28, 2002, and who was under the age of 17. As to Count Two, the state alleged that on December 12, 2015, Defendant committed molestation of a juvenile upon V.G., who was under the age of 17.
A jury trial began on June 27, 2017. The victim, V.G., identified Defendant as her mother's former boyfriend. She testified that Defendant did inappropriate things to her on two occasions. She stated that she was interviewed at the Gingerbread House. Video of these interviews was played for the jury, and she testified that everything said in the video was true.
In the first video, V.G. talked about an incident that occurred on January 28, 2014, when she was 11 years old. She stated that she fell asleep on her mother's bed and then she felt Defendant touch her leg, and she pulled away. He then "tried to stick his finger up [her] butt." She explained that he put his hand up her dress and touched her skin. She ran and hid while Defendant was in the bathroom washing "[her] booty juice" off of his hands. She then ran to her cousin Broderick Crawford's house.
In the second video, V.G. talked about an incident that occurred on December 12, 2015, when she was 13 years old. She got in a bed because her younger sister was in the bed with Defendant, and she was scared that he was going to do something to her sister because he had previously done something to her. Defendant kept putting his hand around her sister, and she (V.G.) kept pushing his hand away. He then put his hand inside her "drawers" and touched her skin and the inside of her body. He then went to the bathroom and washed his hands. He told her not to tell what he did because he did not want to go to jail. She told her mother what Defendant had done, but her mother did not do anything, so she told someone at school.
Broderick Crawford, V.G.'s cousin and neighbor, testified that on January 28, 2014, V.G. ran to his house wearing just a t-shirt. She was crying and told him that Defendant touched her while she was asleep, then she woke up and told him to stop, then she went back to sleep, and when she woke up, he was touching her again. She told him that Defendant touched her inside her underwear. He called V.G.'s mother and the police.
Detective Jeff Allday, a sex crimes investigator with the Shreveport Police Department, testified that he investigated the January 28, 2014 incident. He scheduled a forensic interview of V.G. with the Gingerbread House and a sexual assault examination for V.G. with a sexual assault nurse examiner. He observed the interview and then obtained an arrest warrant on the charge of molestation of a juvenile.
*1204 Brenda Reed, a teacher at Pine Grove Elementary School, testified that on December 15, 2015, V.G. approached her during class and asked if she could tell her something. V.G. told her "what her mother's boyfriend had been doing to her, and had done to her again." Ms. Reed informed a counselor at the school, and the school's principal contacted the police.
Detective Gilbert Monereau, a sex crimes investigator with the Shreveport Police Department, testified that he investigated the December 14, 2015 incident. He scheduled a forensic interview of V.G. and V.G.'s sister with the Gingerbread House. He obtained an arrest warrant on the charge of molestation of a juvenile and arrested Defendant.
V.G.'s younger sister testified that she was interviewed at the Gingerbread House. Video of two interviews was played for the jury. In the video, she stated that Defendant touched and rubbed her on her private parts above her clothing. She stated that Defendant also touched her sisters.
On June 28, 2017, the jury returned its verdicts. As to Count One, the jury found Defendant guilty as charged of molestation of a juvenile under the age of 13. As to Count Two, the jury found Defendant guilty of the responsive verdict of indecent behavior with a juvenile.
On July 6, 2017, Defendant filed a motion for post-verdict judgment of acquittal, arguing that the evidence was insufficient to support his convictions. The trial court denied this motion at a hearing on July 10, 2017. Defendant waived sentencing delays, and the trial court proceeded with sentencing. As to Count One, it sentenced Defendant to 45 years at hard labor, with 25 years to be served without the benefit of parole, probation or suspension of sentence. As to Count Two, it sentenced Defendant to 5 years at hard labor. The trial court ordered the sentences to be served consecutively.
On July 25, 2017, Defendant filed a motion to reconsider and vacate his sentences, arguing that they were unconstitutionally excessive. Specifically, he argued that the aggravating factors considered by the trial court were inadequate to support the severity of the sentences imposed, that the trial court considered additional reasons as aggravating factors, that the trial court failed to fully consider all mitigating factors, and that the sentence imposed is a virtual life sentence for him. On August 21, 2017, the trial court denied the motion, stating that the sentences imposed are not excessive or unconstitutional. It stated that it specifically referenced the aggravating and mitigating circumstances it considered when sentencing Defendant and noted that both sentences were below the statutory maximum.
Defendant appeals.
DISCUSSION
In his sole assignment of error, Defendant argues that the trial court erred by imposing unconstitutionally harsh and excessive sentences. He notes that his sentences total 50 years, with 25 years to be served without benefits, that he was 29 years old at the time of trial, and that these convictions appear to be his first felony charges. Therefore, he contends that he is deserving of less severe sentences.
The state argues that Defendant failed to prove that his sentences are unconstitutionally harsh or excessive. It states that because Defendant's motion to reconsider sentence failed to allege any specific abuse of discretion or failure of the trial court to consider any specific mitigating factors, he is only entitled to review of his sentences for constitutional excessiveness. Noting that Defendant sexually abused V.G. for almost two years and that she sustained permanent emotional injury as a result, *1205 the state argues that Defendant's sentences are not excessive.
Pursuant to La. C. Cr. P. art. 881.1, a defendant must file a motion to reconsider and set forth the specific grounds upon which the motion is based in order to raise an objection to the sentence on appeal. State v. Mims , 619 So.2d 1059 (La. 1993). In order to preserve a claim of constitutional excessiveness, a defendant need not allege any more specific ground than that the sentence is excessive. Id. If a defendant does not allege any specific ground for excessiveness or present any argument or evidence not previously considered by the court at original sentencing, then he does not lose the right to appeal the sentence; he is simply relegated to having the appellate court consider the bare claim of excessiveness. Id. Article 881.1 only precludes a defendant from presenting arguments to the appellate court which were not presented to the trial court at a point in the proceedings when the trial court was in a position to correct the deficiency. Id.
When reviewing an excessive sentence claim, the appellate court uses a two-prong test. First, the record must demonstrate that the trial court complied with La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating and mitigating circumstance, but the record must reflect that it adequately considered the guidelines of La. C. Cr. P. art. 894.1. State v. Smith , 433 So.2d 688 (La. 1983). It should consider the defendant's personal history and prior criminal record, the seriousness of the offense, the likelihood that the defendant will commit another crime and the defendant's potential for rehabilitation. State v. Jones , 398 So.2d 1049 (La. 1981). It is not required to assign any particular weight to any specific matters at sentencing. State v. Quiambao , 36,587 (La. App. 2 Cir. 12/11/02), 833 So.2d 1103, writ denied , 03-0477 (La. 5/16/03), 843 So.2d 1130.
Second, the appellate court must determine if the sentence is constitutionally excessive. A sentence is excessive and violates La. Const. art. 1, § 20, if it is grossly out of proportion to the severity of the crime or is nothing more than the purposeless and needless imposition of pain and suffering. State v. Bonanno , 384 So.2d 355 (La. 1980). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. Id.
A trial court has wide discretion in imposing a sentence within the statutory limits, and a sentence should not be set aside absent a showing of abuse of discretion. State v. Square , 433 So.2d 104 (La. 1983) ; State v. Black , 28,100 (La. App. 2 Cir. 2/28/96), 669 So.2d 667, writ denied , 96-0836 (La. 9/20/96), 679 So.2d 430. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Williams , 03-3514 (La. 12/13/04), 893 So.2d 7 ; State v. Free , 46,894 (La. App. 2 Cir. 1/25/12), 86 So.3d 29.
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. La. C. Cr. P. art. 883. Concurrent sentences arising out of a single course of conduct are not mandatory, and consecutive sentences under those circumstances are not necessarily excessive. State v. Hebert , 50,163 (La. App. 2 Cir. 11/18/15), 181 So.3d 795. It is within a trial court's discretion to order sentences to run consecutively rather than concurrently.
*1206 State v. Johnson , 42,323 (La. App. 2 Cir. 8/15/07), 962 So.2d 1126. When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. Id. Failure to articulate specific reasons for consecutive sentences does not require remand if the record provides an adequate factual basis to support consecutive sentences. Id.
La. R.S. 14:81.2(D)(1) provides that whoever commits the crime of molestation of a juvenile when the victim is under the age of 13 years shall be imprisoned at hard labor for not less than 25 years nor more than 99 years. At least 25 years of the sentence imposed shall be served without benefit of probation, parole or suspension of sentence. La. R.S. 14:81(H)(1) provides that whoever commits the crime of indecent behavior with juveniles shall be fined not more than $5,000, or imprisoned with or without hard labor for not more than 7 years, or both.
In the case sub judice , the trial court did not abuse its discretion by imposing consecutive sentences of 45 years at hard labor, with 25 years to be served without the benefit of parole, probation or suspension of sentence, for the conviction of molestation of a juvenile under the age of 13, and 5 years at hard labor for the conviction of indecent behavior with a juvenile. Although the trial court did not order a presentence investigation report, the record shows that it adequately complied with La. C. Cr. P. art. 894.1 and considered the appropriate factors in determining Defendant's sentences. At the sentencing hearing, the trial court first considered the factors listed in La. C. Cr. P. art. 894.1(A) to determine if it should impose sentences of imprisonment and found that all three circumstances were applicable. It then examined the aggravating and mitigating circumstances set forth in La. C. Cr. P. art. 894.1(B) and determined that the following factors applied to Defendant's case: Defendant's conduct during the commission of the offense manifested deliberate cruelty to the victim; Defendant knew or should have known that the victim was particularly vulnerable or incapable of resisting due to her extreme youth; Defendant used his position or status to facilitate the commission of the offense; and the offense resulted in significant permanent emotional injury to the child victim. The trial court determined that none of the mitigating factors applied in this case.
Although the trial court did not specifically provide reasons for ordering that Defendant's sentences be served consecutively, it did not abuse its discretion in doing so because the record provides an adequate factual basis to support the imposition of consecutive sentences.
Defendant's midrange sentences are not constitutionally excessive. He abused his position of trust and authority to molest his girlfriend's 11-year-old daughter. Considering his actions against V.G. and evidence that he also engaged in such conduct with her younger sister, the sentences imposed by the trial court do not shock the sense of justice, nor are they grossly disproportionate to the severity of the offenses.
Accordingly, this assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the convictions and sentences of Defendant Marquell Williams are affirmed.
AFFIRMED.

To protect the privacy of the victim, she will be referred to by her initials, pursuant to La. R.S. 46:1844(W).