Judgment rendered October 25, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,302-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                     Appellee

versus

DARRELL ALLEN                          Appellant

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 22-CR-32687

Honorable Nicholas E. Gasper, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Douglas Lee Harville

CHARLES B. ADAMS                       Counsel for Appellee
District Attorney

RHYS E. BURGESS
NANCY F. BERGER-SCHNEIDER
Assistant District Attorneys

* * * * *

Before STONE, ROBINSON, and ELLENDER, JJ.

STONE, J., dissents in part.

**ELLENDER, J.**

Darrell Allen appeals his four consecutive five-year hard labor sentences following guilty pleas to three counts of obscenity and one count of obscenity in the presence of a minor, La. R.S. 14:106(A)(1), (G)(3), and (G)(4). For the reasons expressed, we affirm.

**FACTS**

Over a two-month period in April and May 2022, Darrell Allen intentionally exposed himself to a local school bus carrying young children as it passed by his house in Pelican, La. After multiple occurrences, the bus driver reported these incidents to the DeSoto Parish Sherriff's Office ("DPSO"). The driver told officers Allen would stand naked in his front yard with his genitals exposed and wave at the children as the bus passed by. The driver further reported Allen would intentionally try to draw the attention of the children on board, whose ages ranged from kindergarten to 10th grade, and sometimes masturbated in view of the bus.

On May 24, 2022, the DPSO met with three postal employees who also complained of Allen exposing himself to them. All three employees, one of whom passed Allen's house on a daily basis, informed the DPSO Allen would stand in his front yard with his genitals exposed and, as they passed by, would wave and, at times, masturbate in front of them.

After receiving these reports, four DPSO deputies decided to ride the school bus past Allen's house. On May 26, 2022, as the bus with the deputies drove by, Allen stood naked outside his house and waved at the bus. The officers made four separate passes in front of Allen's house and, on one of the trips, Allen was masturbating. After these observations, a warrant was obtained for Allen's arrest.

Following his arrest, Allen was charged by bill of information with three counts of obscenity – third offense, La. R.S. 14:106(A)(1) and (G)(3), and one count of obscenity in the presence of a minor, La. R.S. 14:106(A)(1) and (G)(4). On July 19, 2022, Allen pled guilty to all four charges. The trial court conducted a thorough Boykin examination of Allen and, after accepting his guilty pleas, ordered a presentence investigation report ("PSI") be prepared prior to sentencing.

## SENTENCING

On September 14, 2022, Allen was sentenced to four consecutive five-year hard labor sentences, the maximum for each offense. The sentence for obscenity in the presence of a minor was imposed without benefits as required by La. R.S. 14:106(G)(4).

At sentencing, the trial court first outlined the findings in the PSI and recounted the facts surrounding Allen's multiple offenses. Next, the trial court articulated Allen's entire criminal history, which consisted of 20 arrests and 17 guilty pleas. The trial court specifically referenced Allen's numerous felony convictions: (1) unauthorized entry of an inhabited dwelling, (2) unauthorized entry of a business, (3) felony theft, (4) resisting an officer by force or violence, (5) two counts of obscenity, and (6) Allen's current convictions of obscenity and obscenity in the presence of a minor. The trial court also noted Allen had been arrested three times for obscenity since August of 2020. The trial court then stated its concern that Allen exposed himself to a bus full of young children. Lastly, the trial court articulated the La. C. Cr. P. art. 894.1 factors it had taken into account in sentencing Allen, specifically its consideration of sections A(1), A(2), and A(3) of the article.

2

When imposing these sentences consecutively, the trial court concluded Allen's offenses were not part of the same act or occurrence and not part of a common scheme. The trial court requested mental health treatment be made available to Allen and advised him to take full advantage of that treatment. Following sentencing, Allen filed this motion to appeal his sentence. Allen did not make an oral motion to reconsider sentence, nor did he file a written motion to reconsider.

## DISCUSSION

In his sole assignment of error, Allen argues his 20-year total sentence, the maximum allowed for his four convictions, is excessive given the circumstances. Allen, who was 42 years old at the time of these offenses, argues he had been diagnosed with bipolar disorder and schizophrenia, and had ceased taking his medication. Allen also submits he is completely blind in his left eye, with limited vision in his right eye. Allen maintains his sentences are excessive because the trial court failed to balance the seriousness of his offenses with the impact his mental illness had on his conduct.

When a defendant fails to timely file a motion to reconsider sentence, the appellate court's review of the sentence is limited to a bare claim of constitutional excessiveness. *State v. Benson*, 53,578 (La. App. 2 Cir. 11/10/2020), 305 So. 3d 135. Here, Allen did not make an oral request to reconsider sentence at the sentencing hearing, nor did he file a written motion. Therefore, he did not preserve whether the trial court complied with La. C. Cr. P. art. 894.1, and thus, our review is limited to whether or not Allen's sentence is constitutionally excessive. *See State v. Dickerson*, 55,088 (La. App. 2 Cir. 6/28/23) 367 So. 3d 958; *State v. Cooksey*, 53,660

3

(La. App. 2 Cir. 5/26/21), 316 So. 3d 1284, *writ denied*, 21-00901 (La. 10/12/21), 325 So. 3d 1074. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the severity of the crime or nothing more than a purposelessness and needless infliction of pain and suffering. *State v. Trotter*, 54,496 (La. App. 2 Cir. 6/29/22), 342 So. 3d 1116; *State v. Dorthey*, 623 So. 2d 1276 (La. 1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166. As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Cozzetto*, 07-2031 (La. 2/15/08), 974 So. 2d 665; *State v. Gibson*, 54,400 (La. App. 2 Cir. 5/25/22), 338 So. 3d 1260, *writ denied*, 22-00978 (La. 3/7/23), 356 So. 3d 1053.

The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Trotter*, *supra*. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Trotter*, *supra*; *State v. Bell*, 53,712 (La. App. 2 Cir. 1/13/21), 310 So. 3d 307. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Trotter*, *supra*; *State v. Bell*, *supra.*

Allen was convicted of three counts of obscenity and one count of obscenity in the presence of a minor. Obscenity is defined in La. R.S. 14:106 as:

A. [T]he intentional:

(1) Exposure of the genitals, pubic hair, anus, vulva, or female breast nipples in any public place or place open to the public view, or in any prison or jail, with the intent of arousing sexual desire or which appeals to prurient interest or is patently offensive.

La. R.S. 14:106 (G)(3) and (4) provide the sentencing guidelines applicable to this case:

(3) Except as provided in Paragraph (5) of this Subsection, on a third or subsequent conviction, the offender shall be imprisoned with or without hard labor for not less than two years nor more than five years, and in addition may be fined not less than five thousand dollars nor more than ten thousand dollars.

(4) When a violation of Paragraph (1), (2), or (3) of Subsection A of this Section is with or in the presence of an unmarried person under the age of seventeen years, the offender shall be fined not more than ten thousand dollars and shall be imprisoned, with or without hard labor, for not less than two years nor more than five years, without benefit of parole, probation, or suspension of sentence.

Following his convictions, Allen was sentenced to the maximum of five years at hard labor for each of his four convictions, and the conviction involving minors was imposed without benefits. The trial court specifically designated each sentence run consecutively with the other (for a total sentence of 20 years) and provided numerous factors it considered when sentencing Allen. First, the trial court noted its "biggest issue" was Allen exposing himself to minors. The trial court stated it was particularly concerned that Allen chose to expose himself to a bus full of children on multiple occasions. Further, the trial court stated no parents should send their child to school and have them subjected to this kind of behavior or have to explain this type of behavior to them. Next, the trial court noted Allen did everything he could to make sure people observed his obscene

5

behavior, and that one of the witness statements disclosed Allen did not expose himself to anyone when his mother was present. The trial court concluded this showed Allen knew that what he was doing was wrong since he did not engage in the obscene conduct in front of his mother. Lastly, the trial court stated multiple people were subjected to Allen's behavior and, as such, he could have faced many more counts of obscenity and obscenity in the presence of a minor. Following this reasoning, the trial court also provided its considerations regarding La. C. Cr. P. art. 894.1.[1]

As indicated, Allen's sentences were imposed consecutively. Pursuant to La. C. Cr. P. art. 883, when two or more convictions arise from the same act or transaction, or constitute parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. However, concurrent sentences arising out of a single course of conduct are not mandatory, and consecutive sentences are not necessarily excessive. *State v. Green*, 54,955 (La. App. 2 Cir. 4/5/23), 361 So. 3d 546; *State v. Dale*, 53,736 (La. App. 2 Cir. 1/13/21), 309 So. 3d 1031. It is within the trial court's discretion to make sentences consecutive rather than concurrent. *State v. Green*, *supra*; *State v. Dale*, *supra*. The trial court's failure to articulate specific reasons for consecutive sentences will not require a remand if the record provides an adequate basis to support separate sentences. *State v. Green*, *supra*; *State v. Williams*, 52,052 (La. App. 2 Cir. 6/27/18), 250 So. 3d 1200.

---

[1] While this Court's review is limited to constitutional excessiveness due to the lack of a motion to reconsider sentence, we note the trial court thoroughly complied with Art. 894.1, including taking Allen's mental health into consideration as reflected by the trial court's request that mental health treatment be made available to him.

6

We find Allen's maximum sentences are not excessive in light of his extensive criminal record, including repeated engagement in similar crimes, and Allen's intentional exposure to numerous minor children. The record reflects Allen intentionally and repeatedly exposed himself to a bus full of minor children over the course of a two-month period. Allen purposefully attempted to gain the attention of young children as their bus passed and, at times, would masturbate in front of them. Additionally, Allen exposed himself multiple times to more than one postal employee, who likewise informed deputies Allen intentionally tried to gain their attention by waving, exposing his genitals, and masturbating in front of them. Further, Allen continued this lewd conduct when multiple deputies passed by his house on a school bus.

As the record clearly shows, with each person or group who passed by, Allen intentionally tried to gain their attention by waving and revealing himself to them. At the guilty plea hearing, in an apparent attempt to mitigate the consequences of his conduct, Allen informed the court, "I'm blind in my left eye" and "going blind in my right eye." However, as evidenced by his demonstrative, attention-seeking conduct, Allen clearly had sufficient vision to spot these individuals, including buses full of children, a bus of officers, and numerous postal workers. As such, it is apparent Allen's eye condition had little effect on his ability to see and recognize someone passing by his home, and this condition does not diminish his culpability for these vulgar acts.

Allen's obscene conduct, coupled with his repeated arrests and convictions for similar behavior, more than justifies the 20-year total sentence imposed. The record before us evidences Allen's conduct has not

changed despite his previous convictions and imprisonment. Further, as emphasized by this court in *Green*, *supra*, and *Dale*, *supra*, it was well within the trial court's discretion to impose these sentences consecutively.

Additionally, the trial court provided numerous factors and considerations it contemplated while imposing Allen's sentences. The trial court also properly pointed out Allen's four charges did not arise from one course of criminal conduct. As evidenced by the record, Allen repeatedly exposed himself to a host of adults and children over the course of two months. Allen could have easily been charged with many more additional counts of obscenity and obscenity in the presence of a minor. Further, Allen has a long criminal history with six prior felony convictions, including two for obscenity, the same crime for which he has been convicted of here. As such, Allen could have been adjudicated a habitual felony offender had the prosecution chosen to do so, and would have faced far greater sentencing exposure, possibly up to life in prison as he has more than four prior felony convictions, La. R.S. 15:529.1(A)(4)(a).

Allen's habitual, explicit, and obscene conduct, as well as his extensive criminal history, provide more than an adequate basis to support consecutive, maximum sentences. We find the four consecutive five-year hard labor sentences are not constitutionally excessive, do not shock the sense of justice, and are not a needless infliction of pain and suffering.

Allen's assignment of error lacks merit.

## CONCLUSION

For the reasons expressed, we affirm the convictions and sentences.

**AFFIRMED.**

8

**STONE, J., dissents in part.**

I concur with the majority that Mr. Allen's convictions on three counts of obscenity and one count of obscenity in the presence of a minor be affirmed.

Mr. Allen was sentenced to a combined term of 20 years imprisonment at hard labor (the statutory maximum combined sentence) for the four convictions to which he pled guilty.

No person, let alone, a child should ever be subjected to this kind of moral degeneracy. Mr. Allen's offenses while serious, despicable and disturbing on many levels, nonetheless require that the judiciary consider the punitive *and* rehabilitative goals of our penal system when imposing lengthy sentences on persons with diagnosed bipolar schizophrenia.

The record reflects that Mr. Allen's offenses, at least in part, arise from his *untreated* mental illness; and therefore, Mr. Allen cannot be considered the worst of the worst offenders for low-grade felonies like obscenity. In the instant case, a sentence totaling twenty years of imprisonment at hard labor for a 42-year old blind man with untreated mental health issues is grossly disproportionate to the severity of the crime and nothing more than a purposeless and needless infliction of pain and suffering, and therefore, is constitutionally excessive.

I recognize that incarceration and the maximum sentence on each count of obscenity for Mr. Allen may be appropriate. However, in the absence of physical violence or threats and further considering his diagnosis, I believe a modification of the consecutive nature of the sentences is merited.

1

Mr. Allen's convictions should be affirmed and his sentences should be ordered to run concurrently.

I, therefore, respectfully dissent in part.