STATE of Louisiana, Appellee.

v.

Gary R. MODISETTE, Appellant

No. 50,846-KA, No. 50,847-KA

Court of Appeal of Louisiana,
Second Circuit.

Judgment rendered September 28, 2016.

LOUISIANA APPELLATE PROJECT, By: Peggy J. Sullivan, Counsel for Appellant

J. SCHUYLER MARVIN, District Attorney, JOHN M. LAWRENCE, HUGO A. HOLLAND, JR., MARCUS R. PATILLO, Assistant District Attorneys, Counsel for Appellee

Before WILLIAMS, LOLLEY & PITMAN, JJ.

PITMAN, J.

Defendant Gary R. Modisette pled guilty to four counts of indecent behavior with juveniles and two counts of molestation of a juvenile. The trial court sentenced Defendant to 25 years on each of the charges, to be served concurrently and without the benefit of parole, probation or suspension of sentence. Defendant appeals. For the following reasons, we affirm Defendant's sentence in trial court docket number 88020. We vacate all of Defendant's sentences in trial court docket number 88237 and remand for resentencing.

## FACTS

On November 21, 2013, the state filed a bill of information in trial court docket number 88020 charging Defendant with indecent behavior with juveniles in violation of La. R.S. 14:81(H)(2). It alleged that, between June 1, 2013, and August 21, 2013, Defendant committed a lewd or lascivious act upon the person or in the presence of a child under the age of 13. On March 25, 2015, it filed a bill of information in trial court docket number 88237 charging Defendant with three counts of indecent behavior with a juvenile in violation of La. R.S. 14:81(A) and two counts of molestation of a juvenile in violation of La. R.S. 14:81.2(A)(1). It alleged that Defendant committed these acts between January 1, 1995, and December 31, 1997, with five different minor victims. For the charges of molestation of a juvenile, the state specifically alleged that the victims were under the age of 13 and that Defendant committed the molestations by virtue of his position of control or supervision over the juvenile victims.

On May 11, 2015, Defendant pled guilty to all of the charges in both docket num-

bers, i.e., four counts of indecent behavior with juveniles and two counts of molestation of a juvenile. The state noted that, in exchange for Defendant's guilty pleas, the sentences would run concurrently with each other. The trial court notified Defendant of his obligation to register as a sex offender and ordered a presentence investigation report ("PSI").

On September 28, 2015, a sentencing hearing was held. The trial court noted that it reviewed Defendant's PSI, written statements of Defendant's family and friends, written statements of the victims and a written statement by Defendant. It noted Defendant's criminal history and that, in 2011, he was charged with indecent behavior with a juvenile and pled guilty to simple battery. It also detailed Defendant's social history and read a portion of a letter written by one of Defendant's victims detailing the sexual, physical, mental and emotional abuse he inflicted on her. Citing La. C. Cr. P. art. 894.1, the trial court found that Defendant's conduct was likely to continue to occur if given a probated or lesser sentence, stating that a lesser sentence would deprecate the seriousness of the offense. Accordingly, it sentenced Defendant to 25 years on each of the charges, to be served concurrently and without the benefit of parole, probation or suspension of sentence.

On October 23, 2015, Defendant filed a motion to reconsider sentence and argued that the trial court should have considered several mitigating factors in his case. The trial court denied the motion.

Defendant appeals his sentences.

## DISCUSSION

*Excessive Sentence in Trial Court Docket Number 88020*

In his first assignment of error, Defendant argues that the sentences imposed were unconstitutionally harsh and excessive given the facts and circumstances of the case. He states that he is 68 years old, has no prior felony convictions, is an Army veteran, cares for his elderly mother, needs treatment for substance abuse and has taken responsibility for his actions. The state argues that the sentence imposed for the 2013 offense is within the statutory range and is not excessive given Defendant's history of sexual involvement with children and the benefit he received by pleading guilty.

When reviewing an excessive sentence claim, the appellate court uses a two-prong test. First, the trial record must demonstrate that the trial court complied with La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating and mitigating circumstance, but the record must reflect that the trial court adequately considered the guidelines of La. C. Cr. P. art. 894.1. *State v. Smith*, 433 So.2d 688 (La.1983). The trial court should consider the defendant's personal history and prior criminal record, the seriousness of the offense, the likelihood that the defendant will commit another crime and the defendant's potential for rehabilitation. *State v. Jones*, 398 So.2d 1049 (La.1981). The trial court is not required to assign any particular weight to any specific matters at sentencing. *State v. Quiambao*, 36,587 (La.App. 2 Cir. 12/11/02), 833 So.2d 1103, *writ denied*, 03–0477 (La. 5/16/03), 843 So.2d 1130. When the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not been full compliance with La. C. Cr. P. art. 894.1. *State v. Lanclos*, 419 So.2d 475 (La.1982).

Second, the appellate court must determine if the sentence is constitutionally excessive. A sentence is excessive and violates La. Const. Art. 1, § 20, if it is grossly out of proportion to the severity of the crime or is nothing more than the purposeless and needless imposition of pain and

suffering. *State v. Bonanno*, 384 So.2d 355 (La.1980). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. *Id.* A trial court has wide discretion in imposing a sentence within the statutory limits, and a sentence should not be set aside absent a showing of abuse of discretion. *State v. Square*, 433 So.2d 104 (La.1983); *State v. Black*, 28,100 (La.App. 2 Cir. 2/28/96), 669 So.2d 667, *writ denied*, 96–0836 (La. 9/20/96), 679 So.2d 430.

Maximum sentences are generally reserved for the worst offenses and offenders. *State v. Taylor*, 41,898 (La.App. 2 Cir. 4/4/07), 954 So.2d 804. However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence for the pled offense. *State v. Black, supra.* On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Free*, 46,894 (La.App. 2 Cir. 1/25/12), 86 So.3d 29.

The current version of La. R.S. 14:81 provides (as it did in 2013) in Section (H)(2) that the offense of indecent behavior with juveniles, where the victim is under the age of 13, is punishable by imprisonment at hard labor for not less than 2, nor more than 25 years. At least 2 years of the sentence imposed shall be served without the benefit of parole, probation or suspension of sentence.

Defendant's 25–year sentence in trial court docket number 88020 for the offense of indecent behavior with juveniles committed in 2013 is not excessive. As to the first prong of the excessive-sentence test, the trial court complied with La. C. Cr. P. art. 894.1. It stated that it reviewed the PSI, which includes information about Defendant's personal history and criminal history; statements written by Defendant's family and friends; a statement written by Defendant; statements written by Defendant's victims; and the La. C. Cr. P. art. 894.1 factors. As to the second prong of the excessive-sentence test, the sentence is not constitutionally excessive. Considering the facts of this case, including Defendant's propensity to commit sexual offenses against juveniles and the benefit he received by pleading guilty, the sentence does not shock the sense of justice. Further, Defendant pled guilty in this case; and, therefore, the trial court has great discretion in imposing the maximum sentence for the pled offense.

■ An error patent review reveals that the trial court failed to state on the record at the sentencing hearing that Defendant's sentence was to be served at hard labor. Because La. R.S. 14:81(H)(2) requires that the sentence be served at hard labor, allowing no discretion to the trial court, the trial court's failure to indicate whether Defendant's sentence was to be served at hard labor was harmless error and requires no corrective action. *See State v. Foster*, 50,535 (La.App. 2 Cir. 4/13/16), 194 So.3d 674.

Accordingly, this assignment of error lacks merit.

*Excessive Sentence in Trial Court Docket Number 88237*

■ In his second assignment of error, Defendant argues that the sentences imposed in docket number 88237 for the offenses that occurred between 1995 and 1997 are illegal because they exceed the maximum sentences in effect at the time of the commission of the offenses. The state concedes that the sentences imposed for Defendant's offenses occurring between 1995 and 1997 exceed the statutory maximum in place at the time the offenses were committed.

The law in effect at the time of the commission of the offense is determinative of the penalty that the convicted accused must suffer. *State v. Sugasti*, 01–3407 (La. 6/21/02), 820 So.2d 518. A defendant must be sentenced according to sentencing provisions in effect at the time of the commission of the offense. *Id.* The imposition of a harsher sentence than that prescribed at the time the offense was committed constitutes a violation of the *ex post facto* clauses of both the state and federal constitutions. *State v. Moore*, 37,-046 (La.App. 2 Cir. 5/14/03), 847 So.2d 97.

When Defendant committed the crime of indecent behavior with juveniles between 1995 and 1997, La. R.S. 14:81 provided that this offense was punishable by a fine of not more than $5,000 or imprisonment, with or without hard labor, for not more than 7 years, or both.

When Defendant committed the crime of molestation of a juvenile between 1995 and 1996, La. R.S. 14:81.2(C) provided that this offense, when the offender has control or supervision over the juvenile, was punishable by a fine of not more than $10,000 or imprisonment, with or without hard labor, for not less than 1, nor more than 15 years, or both.

The 25-year sentences imposed for each of Defendant's convictions in trial court docket number 88237 are illegally harsh. The law in effect at the time Defendant committed offenses of indecent behavior with a juvenile permitted a sentence of not more than 7 years at hard labor. The law in effect at the time Defendant committed offenses of molestation of a juvenile permitted a sentence of not more than 15 years at hard labor.

Accordingly, we vacate these sentences and remand to the trial court for resentencing in accordance with the sentencing provisions in effect at the time of the commission of the offenses.

## CONCLUSION

For the foregoing reasons, we affirm the convictions of Defendant Gary R. Modisette. We affirm his sentence in trial court docket number 88020. We vacate all of his sentences in trial court docket number 88237 and remand to the trial court for resentencing.

**CONVICTIONS AFFIRMED. SENTENCES AFFIRMED IN PART AND VACATED AND REMANDED IN PART.**