WILLIAMS, J.
liThe defendant, Luke Davis, was charged by bill of information with one count of possession with intent to distribute a Schedule I controlled dangerous substance (marijuana), a violation of LSA-R.S. 40:966(A)(1), and possession of- a firearm by a convicted felon, a violation of LSA-R.S. 14:95.1. Following a bench trial, defendant was found guilty as charged. Defendant was sentenced to serve concurrent sentences of 20 years at hard labor for the marijuana conviction and 10 years without benefit of parole, probation or suspension of sentence for the firearm conviction. No motion to reconsider sentence was filed. Defendant was granted an out-of-time appeal. He alleges an ineffective assistance of counsel claim and sentencing errors. For the following reasons, we affirm defendant’s convictions, vacate the sentences imposed and remand for resentencing.
FACTS
The record shows that on December 11, 2014, at approximately 8:30 p.m., the Shreveport-Caddo Narcotics Task Force executed a narcotics search warrant at a residence on West 69th Street in Shreveport, Louisiana, after police conducted a marijuana buy at the house. Upon entry, *435 police cleared each room of the house until they came into contact with defendant in a bedroom, where he was seen holding a handgun. A woman identified as defendant’s wife was also present in the room. He complied with a police instruction to drop the weapon. In the search of the residence, police recovered from the bedroom seven grams of marijuana in three green baggies, cash in the amount of $111 and two packs of baggies commonly used to package illegal narcotics. An additional 26.2 grams of marijuana and $319 cash was discovered in the bedroom closet. Defendant was | ^arrested and charged with possession of marijuana with intent to distribute and possession of a firearm by a convicted felon.
After a bench trial, defendant was found guilty as charged. The trial court did not order a presentence investigation. At the time of sentencing, the trial court stated only the sentencing range for each offense of conviction before imposing concurrent sentences of 20 years at hard labor for the marijuana conviction and 10 years without benefit of parole, probation or suspension of sentence for the firearm conviction. Defendant’s motion for an out-of-time appeal was granted and this appeal ensued.
DISCUSSION
The defendant contends the trial court erred in imposing an excessive sentence. Defendant argues that the 20-year sentence imposed for his conviction of possession of marijuana with intent to distribute is excessive because the trial court failed to comply with LSA-C.Cr.P. Art. 894.1.
In reviewing a claim of excessive sentence, the appellate court first considers whether the record shows the trial court took cognizance of the sentencing guidelines in LSA-C.Cr.P. Art. 894.1. State v. Taylor, 49,467 (La.App. 2 Cir. 1/14/15), 161 So.3d 963. While the trial court is not required to recite every aggravating or mitigating circumstance listed in Article 894.1, the record must reflect adequate consideration of those guidelines. Taylor, supra; State v. McGhee, 469 So.2d 1051 (La. App. 2d Cir. 1985). The sentencing court must state for the record the considerations taken into account in imposing sentence. LSA-C.Cr.P. Art. 894.1( C). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Trahan, 412 So.2d 1294 (La. 1982); State v. Bobo, 46,225 (La. App. 2 Cir. 6/8/11), 77 So.3d 1, writ denied, 2011-1524 (La. 12/16/11), 76 So.3d 1202.
The reviewing court next determines whether the sentence is constitutionally excessive by considering whether the sentence is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. La. Const. Art. I, § 20; State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Lindsey, 50,324 (La.App. 2 Cir. 2/24/16), 189 So.3d 1104. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. Lindsey, supra.
The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. State v. Williams, 2003-3514 (La. 12/13/04), 893 So.2d 7. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Jackson, 48,534 (La.App. 2 Cir. 1/15/14), 130 So.3d 993.
In the present case, the sentencing court did not articulate a single factor or consid *436 eration under Article 894.1 in imposmg the sentences on defendant. Prior to imposing sentence, the court simply stated the minimum sentence for possession of a firearm by a felon and the sentencing range for possession of marijuana with intent to distribute. The court then sentenced defendant to serve 20 years at hard labor for the marijuana conviction and 10 years without benefit of parole, probation or suspension of sentence for the firearm conviction. The court did not give any reasons for the individual ^sentences imposed and did not definitively order that the sentences be concurrent, but stated that it was the court’s “expectation” that the sentences would run concurrently.
Generally, when the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Article 894.1. Bobo, supra. Because there was virtually no compliance with Article 894.1 in this instance, the question is whether the record provides an adequate factual basis for the sentence imposed.
The record shows that in the present offense, defendant was in possession of approximately one ounce of marijuana and that he is a second-felony offender who had satisfactorily completed probation for his prior offense in 2006. Defendant also has a history of weapons violations and is apparently an amputee with health issues. However, the trial court did not explain for the record whether any of these factors were considered in the imposition of sentences on this defendant.
This court has previously stated that the purpose of requiring the sentencing court to articulate the particular factors considered in imposing sentence is twofold. First, this articulation ensures that the sentence is individualized. Second, the reviewing court is provided with an indication of whether the sentencing court adequately considered the Article 894.1 guidelines. Bobo, supra. This statement of the sentencing court’s considerations is helpful in determining whether the sentence imposed is excessive. Bobo, supra.
Here, given the lack of a presen-tence investigation and the trial court’s failure to articulate a single factor from the Article 894.1 guidelines in ^tailoring the sentences imposed to this defendant, we find that the record does not contain the considerations taken into account by the trial court in imposing sentence. Thus, this record is not sufficient for us to review these sentences for excessiveness. Consequently, we must vacate the sentences imposed and remand this case to the trial court for the preparation of a presentence investigation report and for resentencing in accordance with the statutory and jurisprudential requirements discussed above.
In reaching this conclusion, we preter-mit discussion of the assignments of error regarding ineffective assistance of counsel at sentencing and excessive sentence. On remand, the defendant’s attorney will have the opportunity to present to the district court all evidence pertaining to any alleged mitigating factors applicable to defendant’s situation.
CONCLUSION
For the foregoing reasons, the defendant’s convictions are affirmed and his sentences are vacated. This matter is remanded to the district court for the completion of a presentence investigation and for resentencing in accordance with this opinion.
CONVICTIONS AFFIRMED; SENTENCES VACATED AND CASE REMANDED FOR RESENTENCING.