COX, J.
The defendant, Ralph David Turner, Jr., pled guilty to second degree battery in exchange for the state's dismissal of two other charges. Turner was sentenced to five years at hard labor; all but the first two years were suspended. Turner is to be placed on active supervised probation for three years upon his release from incarceration. Turner was given credit for time served on this and any other offense for which he was incarcerated. He was ordered to participate in an anger management program and substance abuse program while incarcerated, and continue treatment in his probationary period if not completed. A motion to reconsider sentence was denied. Turner appeals his sentence as excessive.
FACTS
On October 13, 2016, Turner was charged by bill of information with the second degree battery of his mother, Nelwyn Turner, in violation of La. R.S. 14:34.1, which occurred on or about July 23, 2016. The initial bill incorrectly named the victim and, on December 19, 2016, was amended to change the victim's name to Ms. Turner. Also on December 19, 2016, pursuant to a plea agreement, Turner pled guilty to the second degree battery charge. In exchange for the guilty plea, the state agreed to dismiss charges of possession of a controlled dangerous substance, illegal possession of a stolen firearm, and two counts of possession of a controlled dangerous substance.
The factual basis for the plea was recited by the district attorney and agreed to by Turner:
Judge, this charge arises from an incident that happened on July 23, 2016, at 200 Leachman Street, which is the residence of, uh-of him and his mother at that time-at the time of his arrest the residence of him and his mother. Uh, on that date, at approximately 3:00 o'clock in the morning, he and his mother were talking in her bedroom when he began to attack her and struck her multiple times with his fist in the face, including *698 the eye and jaw. She had to go to the hospital for injuries, uh, that she received in the incident. And, at the hospital, there was discovery that she had some bleeding on the brain and blood clots. She was transferred to Shreveport. So because of the nature of the number of times he hit her and the injuries she received, we believe second degree battery is the proper charge.
Turner agreed to the factual basis and was advised of his rights and freely and voluntarily entered a plea of guilty. There was no agreement as to sentencing and the trial court ordered a PSI report. Before the conclusion of the plea, Turner requested that he be given some help in the way of "rehab or something." The trial judge stated that he would work that into sentencing. Sentencing was set for February 13, 2017. For reasons not clear in the record, the matter was reset twice and the sentencing hearing was held on May 31, 2017.
Prior to sentencing, on January 4, 2017 and February 6, 2017, Turner filed two pro se motions to withdraw his guilty plea on the sole basis that sentencing had not yet occurred. Both motions were denied. On March 2, 2017, Turner filed a pro se motion to clarify sentence which was denied as premature because he had not yet been sentenced.
Turner declined to make any comments at the sentencing hearing. Ms. Turner made the following statement:
I'm not scared of my son. That's the only time he's ever put a finger on me and if he doesn't get out pretty soon, he's going to lose his children and he got a place to stay and a job waiting on him.
The trial judge stated that he had reviewed the PSI report and the factors under La. C. Cr. P. art. 894.1. The trial judge noted that the police were called to the Turner home where Ms. Turner was found with injuries to her face and eye and her face was red and swollen. Although Ms. Turner advised officers that morning that her son had never before "put his hands on her in that manner," the trial judge noted that Ouachita Parish Sheriff's Office records indicated one previous complaint that Turner had struck his mother. The trial judge then took note of the injuries to Ms. Turner, which ultimately resulted in a brain bleed and clots and required hospitalization.
The trial judge further stated that Turner indicated on questioning that he did not remember the incident but that he knew he had caused his mother's injuries. Turner stated that he had been drinking on the night of the incident and had "blacked out." Turner told police that if he had been in a better state of mind, he would not have done this and he was sorry for his actions. Noting Ms. Turner's request for leniency, the trial judge also commented that Ms. Turner was not seeking restitution because Medicaid had paid all of her medical expenses.
The trial judge reviewed Turner's criminal history as outlined in the PSI report. While the instant offense is Turner's first felony conviction, the trial judge outlined Turner's past arrests and misdemeanor convictions, which are as follows:
• April 12, 2006-arrested for possession of marijuana and paraphernalia-dismissed.
• August 19, 2008-arrested for second degree battery and pled guilty to disturbing the peace.
• May 16, 2009-arrested for careless operation, hit and run, possession of marijuana and DWI and pled guilty to DWI and hit and run.
• July 7, 2010-arrested for resisting an officer-dismissed.
*699 • April 18, 2011-arrested for crimes of flight from an officer and public intimidation and pled guilty (probation later revoked).
• January 19, 2012-arrested for unauthorized entry of an inhabited dwelling-no disposition found.
• December 10, 2013-arrested for an unknown charge in Indiana.
• January 14, 2014-failure to appear.
• February 16, 2014-arrested for taking contraband into a penal institution-dismissed.
• October 29, 2014-arrested for domestic abuse battery and pled guilty.
• January 24, 2015-arrested for violation of protective orders and pled guilty.
• June 10, 2015-arrested for cruelty to a juvenile, battery on a police officer and resisting an officer and pled guilty to a misdemeanor charge.
• September 22, 2015-arrested for possession of a firearm by a convicted felon, possession of marijuana, possession of schedule IV, illegal carrying of a weapon-all dismissed.
• January 30, 2016-arrested for possession of schedule IV and marijuana, child desertion, illegal use of controlled dangerous substance in the presence of persons under the age of 17, and appearing intoxicated-dismissed in the current matter.
The trial judge reviewed Turner's social history, noting that he completed the eighth grade and was expelled for marijuana use and troublemaking. He had no further education and held jobs doing carpentry work for 10 years. Turner was a maintenance man for a realty company when he was arrested on the instant offense. Turner admitted to having an alcohol and drug problem and requested help for those issues. The trial judge noted Turner did not pay child support, but claimed that he provided for his children.
Based on the foregoing considerations, the trial judge found that a suspended sentence was not appropriate due to the undue risk that Turner would commit another crime. Turner was found to be in need of correctional treatment. Finding that a lesser sentence would deprecate the seriousness of the instant offense, the trial judge imposed a sentence of five years at hard labor, three of which were suspended. Upon release, Turner would be placed on three years' active supervised probation. During incarceration, Turner was to enroll in anger management and substance abuse treatment, which was to continue into the probationary period if not completed.
Turner's motion to reconsider sentence was denied and this appeal of the sentence followed.
DISCUSSION
Turner's sole assignment of error challenges the alleged excessiveness of his sentence. Turner emphasizes that he has an alcohol problem and blacked out when the offense was committed. He argues that his mother is not afraid of him and that he would never have committed this offense had he been in his right mind. Turner argues that he needs treatment, not a five year sentence. He claims the upper-end sentence for a first-felony offender is unduly harsh.
In reviewing a sentence for excessiveness, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. The trial court is not *700 required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith , 433 So.2d 688 (La. 1983) ; State v. Brown , 51,352 (La. App. 2 Cir. 5/2/17), 223 So.3d 88, reh'g denied (June 15, 2017). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, and employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones , 398 So.2d 1049 (La. 1981) ; Brown, supra ; State v. Ates , 43,327 (La. App. 2 Cir. 8/13/08), 989 So.2d 259, writ denied , 08-2341 (La. 5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. Brown, supra .
Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the severity of the crime or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey , 623 So.2d 1276 (La. 1993) ; Brown, supra . A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver , 01-0467 (La. 1/15/02), 805 So.2d 166 ; Brown, supra .
The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. State v. Williams , 03-3514 (La. 12/13/04), 893 So.2d 7 ; Brown, supra . A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Brown, supra .
A substantial advantage obtained by means of a plea bargain is a legitimate consideration in sentencing. State v. Mendenhall , 48,028 (La. App. 2 Cir. 5/15/13), 115 So.3d 727. Accordingly, where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence for the pled offense. State v. Shelton , 50,318 (La.App. 2 Cir. 2/24/16), 188 So.3d 304.
The penalty for second degree battery is a fine of not more than $2,000 or imprisonment, with or without hard labor, for not more than eight years, or both. La. R.S. 14:34.1(C).
Turner's sentence is not excessive. The trial court complied with La. C. Cr. P. art. 894.1 and expressly addressed the relevant aggravating and mitigating factors. The trial judge outlined Turner's extensive history of arrests and misdemeanor pleas, including domestic battery charges. The trial judge emphasized the serious nature of the injuries suffered by the victim, Turner's mother, which resulted in a brain bleed and clotting.
For mitigating factors, the trial judge considered Ms. Turner's statement that her son had never hit her and properly weighed that statement against the previous report to the sheriff's office of Turner battering her on at least one prior occasion. The trial judge stated that he had carefully considered Turner's situation with his children possibly being taken into state custody.
*701 Turner received great benefit from the plea bargain with the state's dismissal of other felony charges. Turner's characterization of his sentence as "upper-end" is misleading as three of the five years were suspended. The sentence imposed for Turner's beating his mother in the face with a closed fist to the point where she suffered a brain bleed does not shock the sense of justice and does not suggest purposeless and needless infliction of pain and suffering. The trial judge was within his discretion in imposing the sentence, which is not excessive.
CONCLUSION
Finding Turner's sentence is not excessive, we affirm the defendant's conviction and sentence.
AFFIRMED.