PITMAN, J.
Defendant Chris Tanner Danley appeals as excessive the aggregate 22-year sentence imposed after he pled guilty to two counts of theft of $750 or more; one count of theft of $5,000 or more; one count of theft of a motor vehicle of $1,500 or more; and one count of simple burglary. A timely motion to reconsider the sentences was denied. For the following reasons, the conviction and sentences of Defendant are affirmed.
FACTS
On September 9, 2016, Chief Deputy Kenneth Green of the West Carroll Parish Sheriff's Office received a phone call from the owner of a stolen vehicle who had seen his vehicle parked at an Arkansas residence, just over the Louisiana state line. Dep. Green made contact with the Chicot County Sheriff's Office and joined a deputy at the residence. Defendant was found asleep behind the wheel of the stolen truck. He had two knives and a marijuana pipe in his lap. Additionally, speakers matching the description of those reported stolen from another vehicle were observed within the vehicle. An ATV key was found in his pocket.
After Defendant's extradition to West Carroll Parish, he admitted to stealing the truck on September 8, 2016, the day before he was found. He also admitted that on September 8, 2016, he stole two ATVs belonging to two different individuals, one of which he parked behind a residence before stealing the truck in question. He further admitted to stealing a third ATV from another individual on August 25, 2016. He claimed he stole the items to obtain money for his drug habit.
As a result of these events, Defendant was charged by bill of information on October 17, 2016, with two counts of theft of $750 or more, but less than $5,000, for *1034 the thefts of a 300 Honda ATV on August 25, 2016, belonging to Ted Ross, and a Honda Rancher 420 ATV on September 8, 2016; and one count of theft of $5,000 or more, but less than $25,000, for the theft of a 2006 Honda Rancher 350 ATV belonging to Stephen W. Grubbs on September 8, 2016; in violation of La. R.S. 14:67. Additionally, he was charged with one count of theft of a motor vehicle valued at $1,500 or more for the theft of a 2003 Chevrolet pickup truck on September 8, 2016, in violation of La. R.S. 14:67.26 ; and one count of simple burglary of a vehicle belonging to Todd Smith, on September 9, 2016, in violation of La. R.S. 14:62.
On May 31, 2017, Defendant appeared in open court with appointed counsel and after being advised of and waiving his constitutional rights in accordance with Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274 (1969), pled guilty as charged to the five felony counts. The terms of the plea agreement included the state's dismissal of a criminal trespass charge, Defendant's agreement to revocation on a pending felony probation violation,[1] restitution of $1,592.79, and the state's agreement to forego the filing of a habitual offender bill of information. The state agreed that he would receive credit for time served; but, otherwise, there was no agreement as to the sentence which would occur after the trial court's receipt and review of a presentence investigation ("PSI") report. On May 31, 2017, Defendant signed a written felony plea agreement memorializing the terms of the plea agreement.
He appeared for sentencing on August 2, 2017. Prior to sentencing, the trial court noted its consideration of the PSI report and thoroughly reviewed the facts of the case on the record.
Dep. Green testified that during his interview with Defendant on September 12, 2016, he showed remorse and acknowledged his "bad drug problem," for which he needed help and rehabilitation. Thereafter, on the record, the trial court reviewed several letters and a poem written by Defendant who asserted that he committed crimes due to his addictions, asked for mercy and rehabilitation and was remorseful. It also regarded a letter from Defendant's grandmother who requested rehabilitation for her grandson's long-term drug problems, as well as positive letters from his mother, sister, two pastors and numerous friends who believed that he would respond to long-term drug treatment. It also considered the victims' statements setting forth the amount of restitution each was owed, if any, and the fact that three of those victims expressed sentiments that Defendant should be punished for his actions. A letter from Sheriff Jerry Philley indicated that Defendant had committed multiple crimes in West Carroll Parish over the past years and should receive a sentence.
The trial court further reviewed Defendant's criminal record, noting two juvenile offenses, including driving while intoxicated when he was 17 and possession of marijuana and Lortab. He successfully completed probation for both offenses. His criminal adult record included two 2010 guilty pleas to one count of possession of marijuana and a second DWI-first offense, for which he paid fines. Defendant was arrested for domestic violence in Ohio in February 2011, but those charges were dismissed. It noted his first felonies occurred *1035 in April 2011, including charges for simple battery, jumping bail, unauthorized use of a movable, theft and resisting an officer. He was allowed to plead guilty to unauthorized use of a motor vehicle and theft and received a suspended four-year hard labor sentence with three years' probation, which was revoked on March 8, 2012. It observed that on January 25, 2012, Defendant pled guilty to domestic abuse battery with child endangerment and strangulation and received a three-year hard labor sentence with two years suspended and three years' supervised probation, which was revoked on March 28, 2012. He pled guilty to simple escape on October 15, 2013, and was sentenced to 18 months' hard labor. On April 7, 2015, he pled guilty to unauthorized use of a movable and was sentenced to ten years' hard labor with eight years suspended and five years' probation.
With the current offenses, the trial court noted that Defendant had been convicted of ten different felonies and qualified as a fifth-felony offender. It considered that he had committed several crimes against a person, including domestic abuse battery with strangulation and child endangerment, which involved his battery of a woman while he appeared to be "on something." Regarding probation, it noted that Defendant's juvenile offenses had ended satisfactorily, but that his adult record presented another story because he had twice had his probation revoked and was remanded to serve all original sentences. It remarked that Defendant was on probation when he committed the present offenses and agreed to revocation of that probation as part of the plea agreement.
Defendant's social history was reviewed by the trial court, including his personal and educational history. Notably, it considered that he began drinking alcohol at age 13, started using marijuana and pills at 15 and turned to methamphetamine at 17. He last used methamphetamine the day he was arrested for the instant offenses.
Both the aggravating and mitigating factors of La. C. Cr. P. art. 894.1 were reviewed. In mitigation, the trial court considered that substance abuse played a large part in Defendant's crimes, which were directly or indirectly related to drugs. He had some work history, was young and his incarceration would cause a hardship to his grandparents, who had done everything possible to raise him right.
As aggravating factors, the trial court considered Defendant's extensive criminal record and the benefit of the plea bargain agreement which precluded his adjudication as a habitual offender. It observed his failure to benefit from prior probationary treatment and that he had absconded from his chance at rehabilitation. It also considered his long record of stealing from others to pay for his drug habit causing economic damage to his victims.
The trial court ultimately determined that Defendant was in need of correctional treatment in a custodial environment and must be punished for what he had done and sentenced him as follows:
Count One: Theft greater than $750, but less than $5,000, a concurrent sentence of 5 years at hard labor.
Count Two: Theft greater than $5,000, but less than $25,000, a concurrent sentence of 10 years at hard labor.
Count Three: Theft of a motor vehicle greater than $1,500, a consecutive sentence of 10 years at hard labor.
Count Four: Simple burglary, a concurrent sentence of 12 years at hard labor.
Count Five: Theft greater than $750, but less than $5,000, a concurrent sentence of 5 years.
*1036 The trial court also ordered Defendant to pay total restitution of $2,792.79 to the victims and to enroll in and complete the Fifth Judicial District Drug Court program upon being paroled.[2]
On August 16, 2017, Defendant filed a motion to reconsider sentence, arguing that the aggregate 22-year sentence was excessive on the grounds that the trial court did not assign sufficient weight to his cooperation with authorities, the testimony of his grandmother, letters of support, offers of employment or his expressions of remorse for his actions.
The hearing on the motion to reconsider sentence occurred on November 29, 2017. The trial court reiterated its thorough consideration of the PSI report, including Defendant's history and substance abuse, as well as the fact that he was a five-time felony offender who could be facing a life sentence as a habitual offender. Ultimately, it stated that it had studied this case in great detail and noted that because these are not crimes of violence, Defendant could obtain early release if he took advantage of new laws. It found the sentences to be fair based upon Defendant's prior convictions, his record and all of the factors in the PSI. It informed Defendant of the applicable delays for filing post-conviction relief. This appeal followed.
DISCUSSION
Defendant appeals the aggregate 22-year sentence on the grounds of constitutional excessiveness. He argues that he is not the worst of offenders and that the cause of his crimes was related to his substance abuse issues. He also argues that the trial court failed to give sufficient weight to the numerous and important mitigating factors which justified much less severe sentences, certainly considering his young age and the hardship his incarceration will cause his family.
The state argues that the record clearly reflects the trial court's consideration of the relevant factors involved in this case and that Defendant received two significant benefits, namely the state's agreement to forgo the filing of an habitual offender bill of information and the imposition of only one of the sentences as consecutive. It points out that Defendant could have received a total of 42 years at hard labor had the trial court imposed each of the sentences consecutive in accordance with La. C. Cr. P. art. 883. Further, it asserts that the trial court clearly considered each letter submitted on Defendant's behalf and that the imposed sentences will not result in a life sentence as he will get an opportunity at credit for good time.
When reviewing an excessive sentence claim, the appellate court uses a two-prong test. First, the record must demonstrate that the trial court complied with La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating and mitigating circumstance, but the record must reflect that it adequately considered the guidelines of La. C. Cr. P. art. 894.1. State v. Smith , 433 So.2d 688 (La. 1983) ; State v. Modisette , 50,846 (La. App. 2 Cir. 9/28/16), 207 So.3d 1108. The trial court should consider the defendant's personal *1037 history and prior criminal record, the seriousness of the offense, the likelihood that the defendant will commit another crime and the defendant's potential for rehabilitation. State v. Modisette , supra . The trial court is not required to assign any particular weight to any specific matters at sentencing. Id. When the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos , 419 So.2d 475 (La. 1982) ; State v. Modisette , supra .
Second, the appellate court must determine if the sentence is constitutionally excessive. A sentence is excessive and violates La. Const. art. I, § 20, if it is grossly out of proportion to the severity of the crime or is nothing more than the purposeless and needless imposition of pain and suffering. State v. Bonanno , 384 So.2d 355 (La. 1980) ; State v. Lindsey , 50,324 (La. App. 2 Cir. 2/24/16), 189 So.3d 1104. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lindsey , supra . A trial court has wide discretion in imposing a sentence within the statutory limits, and a sentence should not be set aside absent a showing of abuse of discretion. State v. Shaikh , 16-0750 (La. 10/18/17), 236 So.3d 1206. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Davis , 51,194 (La. App. 2 Cir. 2/15/17), 215 So.3d 434.
Maximum sentences are generally reserved for the worst offenses and offenders. State v. Modisette , supra . However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence for the pled offense. Id.
The law in effect at the time of the commission of the offense is determinative of the penalty that the convicted accused must suffer. State v. Sugasti , 01-3407 (La. 6/21/02), 820 So.2d 518 ; State v. Modisette , supra .In 2016, La. R.S. 14:67 set forth the penalty for theft of $750 or more, but less than $5,000, as imprisonment, with or without hard labor, for not more than 5 years, or a fine of not more than $3,000 or both. Under La. R.S. 14:67, the penalty for theft of $5,000 or more, but less than $25,000, was imprisonment, with or without hard labor, for not more than 10 years, or a fine of not more than $10,000 or both.
The crime of theft of a motor vehicle of $1,500 or more carried a penalty of imprisonment, with or without hard labor, for not more than 10 years or a fine of not more than $3,000 or both. La. R.S. 14:67.26. The crime of simple burglary carried a penalty of a fine of not more than $2,000 or imprisonment with or without hard labor for not more than 12 years or both. La. R.S. 14:62.
A review of the record reveals that the trial court did not abuse its wide discretion in imposing the aggregate 22-year sentence upon this defendant. It fully complied with La. C. Cr. P. art. 894.1 in considering the appropriate sentencing factors and more than adequately articulated its reasons for sentencing. Despite Defendant's contrary arguments, the trial court considered his young age and the hardship incarceration would cause his family, as well as the numerous letters of support submitted on his behalf. It also *1038 noted his expressions of remorse. While each of the five imposed sentences is the maximum allowed under the law, the sentences fall within the statutory limits.[3] Between the final week of August and the first week of September 2016, Defendant participated in a crime spree that demonstrated complete disregard for the property of others and caused significant economic damage to the victims. His need for substance abuse rehabilitation is undeniable. However, no abuse of discretion is found in the trial court's observation that Defendant was in need of correctional treatment in a custodial environment.
As noted by the trial court, Defendant's criminal record is substantial and includes a conviction for domestic battery, and he qualifies as a fifth-felony offender, for which he would have faced a maximum sentencing exposure of life imprisonment. Thus, he received a substantial benefit from the plea agreement. Further, the record belies Defendant's claims that he was not afforded rehabilitation services or any chance at recovery. He has clearly failed to benefit from prior probationary treatment and attempts to help him through addiction rehabilitation. His continued attempts to blame his drug addiction for his criminal actions are inadequate to override the seriousness of his criminal behavior in this situation. Under the facts of this case, the chosen penalty is adequately tailored to Defendant and does not shock the sense of justice or demonstrate the needless and purposeless imposition of pain and suffering.
CONCLUSION
For the foregoing reasons, the convictions and sentences of Defendant Chris Tanner Danley are affirmed.
AFFIRMED.

Defendant's probation was revoked on a prior 2015 conviction for unauthorized use of a motor vehicle for which he received a sentence of ten years at hard labor, with eight years suspended and five years' probation and credit for time served in Docket No. 2014F114.

At sentencing, the trial court erroneously refers to the sentence as an aggregate 20-year term. The motion to reconsider the sentence also contains this error, although appellate counsel, in brief, acknowledges that the correct aggregate term is 22 years. We also note that although the Felony Plea Agreement contains a notation that says, "Restitution of $1,592.79," that is the restitution owed to only one of three victims, Todd Smith. The restitution ordered at sentencing to the other two victims and Smith totals $2,792.79. Stephen Grubbs is to receive $200 and Phillip Elliott is to receive $1,000.

Defendant takes no issue with the trial court's consecutive imposition of the ten-year sentence for theft of a motor vehicle, which may arguably arise from a single course of conduct on September 8, 2016. Nevertheless, the failure to articulate specific reasons for consecutive sentences under La. C. Cr. P. art. 883 does not require remand if the record provides an adequate factual basis to support consecutive sentences. State v. Nixon , 51,319 (La. App. 2 Cir. 5/19/17), 222 So.3d 123, writ denied , 17-0966 (La. 4/27/18), 239 So.3d 836. Defendant's action in taking the stolen truck out of state provides a sufficient factual basis for the trial court's consecutive imposition of this sentence.