Judgment rendered August 14, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 992,
La. C. Cr. P.

No. 52,857-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

TERRAL ANTHONY                              Appellant
PARFAIT

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 222,089

Honorable John M. Robinson (*Pro Tempore*), Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Douglas Lee Harville

J. SCHUYLER MARVIN                   Counsel for Appellee
District Attorney

JOHN M. LAWRENCE
RICHARD R. RAY
Assistant District Attorneys

* * * * *

Before WILLIAMS, MOORE, and PITMAN, JJ.

**PITMAN, J.**

Defendant Terral Anthony Parfait entered a plea of guilty to second degree rape and was subsequently sentenced to 40 years at hard labor without the benefit of probation, parole or suspension of sentence. Defendant appeals the imposed sentence. For the following reasons, Defendant's sentence is affirmed.

## FACTS

On January 9, 2017, Defendant was indicted in Bossier Parish on three counts of first degree rape in violation of La. R.S. 14:42(A)(4). The indictment alleged that between January 1, 2009, and November 29, 2016, Defendant had anal or oral intercourse deemed to be without the lawful consent of the victims, M.S. (DOB-9/14/01), J.M. (DOB-10/21/04), and I.R. (DOB-6/12/08). All three victims were males under 13 years of age who were in the foster care of Defendant at the time of the alleged incidents. On February 14, 2017, after formal arraignment, Defendant entered a plea of not guilty.

On February 16, 2018, pursuant to a plea agreement, Defendant pled guilty to one count of an amended charge of second degree rape of the person of M.S., the victim identified in the original indictment in Count One. Defendant was advised of his right to a jury trial, his right to confront the witnesses against him and his Fifth Amendment rights. In exchange for his plea, the state dismissed the remaining charges against him. There was no agreement as to sentencing.

On November 21, 2018, a sentencing hearing was held. Defendant presented one character witness, and the state introduced the testimony of I.R., the victim in Count Three of the original indictment, which had been

nolle prossed under the plea agreement, and whose name and initials had been changed to C.B.C. The trial court reviewed a presentence investigation (PSI) report, heard testimony, and, pursuant to La. C. Cr. P. art. 894.1, sentenced Defendant to 40 years of imprisonment without the possibility of parole, probation or suspension of sentence.

On January 17, 2019, an untimely motion to reconsider sentence was filed, which was denied on January 23, 2019. On February 1, 2019, a motion for appeal was filed and signed by the trial court on February 11, 2019. Defendant appeals his sentence.

## DISCUSSION

Defendant seeks review of the sentence imposed on the grounds of constitutional excessiveness. The defense contends that his 40-year sentence is excessive and does not allow him the opportunity to seek treatment and reenter society as a productive member, a status to which he likely could return given his military service, community involvement, community standing and lack of criminal history. He argues that he is not the worst of the worst offenders, and he should not receive the maximum sentence. Further, he contends that the 40-year sentence fails to contemplate or to account for a reasonable combination of rehabilitation and punishment. The sentence serves no purpose and, in essence, is a life sentence.

The state argues that the 40-year hard labor sentence is appropriate for this offender. It contends that Defendant received a considerable benefit from the plea bargain, as it significantly reduced his sentencing exposure. Two of the three first degree rape charges were dismissed and the third was reduced to second degree rape. Without the plea bargain, Defendant could have faced a significantly greater sentence, i.e., life without parole,

2

probation or suspension of sentence. It argues that a substantial advantage obtained by means of plea bargain is a legitimate consideration in sentencing and for imposing the maximum sentence. It asserts that the sentence imposed was not out of proportion to the severity of the crime and, when considered in the light of harm done to society, does not shock the sense of justice.

The state also argues that Defendant knew that the victims were particularly vulnerable or incapable of resistance due to their extreme youth. They suffered considerable physical and emotional injuries as a result. The trial court considered Defendant's proffered mitigation testimony of his good character, along with letters written on his behalf, and a statement from his ex-wife and one of the child victims. The trial court also considered the PSI report which graphically described the sexual abuse. The state contends that the trial court did not abuse its discretion by imposing the maximum sentence in light of all the evidence considered.

When reviewing an excessive sentence claim, the appellate court uses a two-prong test. First, the trial record must demonstrate that the trial court complied with La. C. Cr. P. art. 894.1. It is not required to list every aggravating and mitigating circumstance, but the record must reflect that it adequately considered the guidelines of La. C. Cr. P. art. 894.1. *State v. Smith*, 433 So. 2d 688 (La. 1983). The trial court should consider the defendant's personal history and prior criminal record, the seriousness of the offense, the likelihood that the defendant will commit another crime and the defendant's potential for rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981). The trial court is not required to assign any particular weight to any specific matters at sentencing. *State v. Quiambao*, 36,587 (La. App. 2 Cir.

12/11/02), 833 So. 2d 1103, *writ denied*, 03-0477 (La. 5/16/03), 843 So. 2d 1130; *State v. Modisette*, 50,846 (La. App. 2 Cir. 9/28/16), 207 So. 3d 1108.

Second, the appellate court must determine if the sentence is constitutionally excessive. A sentence is excessive and violates La. Const. art. 1, § 20, if it is grossly out of proportion to the severity of the crime or is nothing more than the purposeless and needless imposition of pain and suffering. *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. *Id.* A trial court has wide discretion in imposing a sentence within the statutory limits, and a sentence should not be set aside absent a showing of abuse of discretion. *State v. Square*, 433 So.2d 104 (La.1983); *State v. Black*, 28,100 (La. App. 2 Cir. 2/28/96), 669 So. 2d 667, *writ denied*, 96-0836 (La. 9/20/96), 679 So. 2d 430; *Modisette*, *supra*.

Maximum sentences are generally reserved for the worst offenses and offenders. *State v. Taylor*, 41,898 (La. App. 2 Cir. 4/4/07), 954 So. 2d 804. However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence for the pled offense. *State v. Black*, *supra*. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *Modisette*, *supra*; *State v. Free*, 46,894 (La. App. 2 Cir. 1/25/12), 86 So. 3d 29.

Ordinarily, appellate review of sentences for excessiveness utilizes the two-step process. However, when the motion to reconsider sentence raised only a claim that the sentence imposed was constitutionally excessive, a

4

defendant is relegated to review of the sentence on that ground alone. *State v. Williams*, 51,667 (La. App. 2 Cir. 9/27/17), 245 So. 3d 131, *citing* La. C. Cr. P. art. 881.1; *State v. Turner*, 50,221 (La. App. 2 Cir. 1/20/16), 186 So. 3d 720, *writ denied*, 16-0283 (La. 2/10/17), 215 So. 3d 700.

A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case and, therefore, is given broad discretion in sentencing. A substantial advantage obtained by means of a plea bargain is a legitimate consideration in sentencing. *State v. Mendenhall*, 48,028 (La. App. 2 Cir. 5/15/13), 115 So. 3d 727. Accordingly, where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence for the pled offense. *State v. Turner*, 51,888 (La. App. 2 Cir. 2/28/18), 246 So. 3d 695.

Whoever commits the crime of first degree rape on a victim under the age of 13, as provided by La. R.S. 14:42(A)(4), shall be punished by life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. La. R.S. 14:42(D)(2)(b).

Whoever commits the crime of second degree rape shall be imprisoned at hard labor for not less than 5, nor more than 40 years. At least 2 years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence. La. R.S. 14:42.1(B).

The trial court did not abuse its discretion in sentencing Defendant to the maximum sentence of 40 years at hard labor. During Defendant's sentencing hearing, the trial court reviewed the PSI and noted that the young victims had been interviewed at the Gingerbread House and that they had

specifically testified to the acts committed upon them by Defendant. M.S. was the first child to report Defendant's activities to the police, and he did so because he had heard the Defendant indicate that he was going to foster another child. The PSI also noted that one victim, J.M., who at the time of the PSI was only 13 years old, continues to suffer severe anxiety and feelings of self-loathing as a result of the trauma inflicted on him by Defendant. He has continued to see many counselors in an effort to recover from his mental and physical injuries.

At the sentencing hearing, in addition to the review of the PSI report and the graphic details of the acts committed by Defendant, the trial court took into consideration the testimony of one of the victims, letters from the family of the other victims and a letter written by Defendant's ex-wife, which was not complimentary and which stated that after they separated, Defendant expressed an interest in fostering children, but only younger boys, which raised a red flag to her. As mitigating factors, the trial court considered Defendant's lack of criminal history; his excellent military and work history; letters submitted on his behalf by both of his daughters, by Ms. Cheryl Rogers, an acquaintance, and by Allen C. Lambard, a neighbor; and the testimony of Michael Marcello, a friend.

The trial court applied the sentencing guidelines of La. C. Cr. P. art. 894.1 and found that there was an undue risk that during the period of a suspended sentence or probation Defendant would commit another crime, that he was in need of correctional treatment or a custodial environment, and that a lesser sentence would deprecate the seriousness of his crime. It found that Defendant's conduct during the commission of the offense manifested deliberate cruelty to the victim, that he knew or should have known that the

6

victim of the offense was particularly vulnerable or incapable of resistance due to his extreme youth and that he used his position as a foster parent to facilitate the commission of the offense. It noted that Defendant was only being sentenced for one of the charges and that he had already reaped the benefits of the plea bargain agreement, which resulted in significant reduction in exposure to time of incarceration.

The reasons stated by the trial court, the record and the PSI report provide an adequate factual basis for the sentence imposed, and it is not constitutionally excessive. The sentence imposed does not shock the sense of justice, nor is it grossly disproportionate to the severity of the offense.

Therefore, this assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, the conviction and sentence of Defendant Terral Anthony Parfait are affirmed.

**AFFIRMED.**

7