Judgment rendered August 27, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,361-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

JEMARTRIUS C. MAYWEATHER              Appellant

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 23CR34185

Honorable Nicholas E. Gasper, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By:  Holli Ann Herrle-Castillo

CHARLES BLAYLOCK ADAMS               Counsel for Appellee
District Attorney

RHYS E. BURGESS
NANCY F. BERGER-SCHNEIDER
ETHAN ARBUCKLE
Assistant District Attorneys

* * * * *

Before THOMPSON, ROBINSON, and ELLENDER, JJ.

**ROBINSON, J.**

Jemartrius C. Mayweather ("Mayweather") was charged with five counts of indecent behavior with juveniles in violation of La. R.S. 14:81(A)(1) (Counts 1 through 5) and five counts of pornography involving juveniles in violation of La. R.S. 14:81.1(A)(1), (E)(1)(a), and (E)(5)(a) (Counts 6 through 10), which consisted of one count of each charge per victim. The charges were amended to five counts of indecent behavior with juveniles in violation of La. R.S. 14:81(A)(2) (Counts 1 through 5) and five counts of pornography involving juveniles in violation of La. R.S. 14:81.1(A)(1) and 14:81.1(E)(4)(a) (Counts 6 through 10). Mayweather originally pled not guilty to all counts, then ultimately withdrew his not guilty plea and pled guilty to the amended Counts 1, 2, 8, 9, and 10.

Mayweather was sentenced to 5 years at hard labor with no benefits for each of Counts 1 and 2, and 10 years at hard labor with no benefits for each of Counts 8, 9, and 10. Count 1 was to run concurrently with Count 8, Count 2 was to run concurrently with Count 9, and Counts 8, 9, and 10 were to run consecutively with each other, for a total sentence of 30 years at hard labor with no benefits.

Mayweather filed a motion to reconsider sentence, which was denied, and a motion for appeal, which was granted.

For the reasons set forth below, we AFFIRM the sentence.

## FACTS AND PROCEDURAL HISTORY

On October 11, 2023, the DeSoto Parish Sheriff's Office ("DPSO") received a complaint from the mother of a 14-year-old juvenile, T.J., that T.J. was involved in an inappropriate relationship with Mayweather. Mayweather was a teacher and faculty adviser of a club at Mansfield Middle

School, and T.J. had been a member of the club. T.J.'s mother determined from T.J.'s phone that Mayweather had sent various amounts of money to T.J. via Cash App and had sent text messages to T.J. mentioning sexual conduct, asking T.J. for sexual favors, and requesting T.J. to have sex with him. The phone was turned over to DPSO for forensic download. T.J. eventually relayed that he had been groomed by Mayweather and had been paid money by Mayweather to send him nude photos and videos. DPSO discovered during their investigation that Mayweather had requested pornographic reproductions and sexual contact from additional victims: A.M. (15 years old), K.J. (16 years old), J.H. (13 years old), and Z.S. (14 years old).

Mayweather was charged by bill of information on December 14, 2023, with five counts of indecent behavior with juveniles in violation of La. R.S. 14:81(A)(1) (Counts 1 through 5 pertaining to T.J., A.M., K.J., J.H., and Z.S., respectively) and five counts of pornography involving juveniles in violation of La. R.S. 14:81.1(A)(1), (E)(1)(a), and (E)(5)(a) (Counts 6 through 10, but not specifically referencing victims). The charges were amended to five counts of indecent behavior with juveniles in violation of La. R.S. 14:81(A)(2) (Counts 1 through 5 pertaining to T.J., A.M., K.J., J.H., and Z.S., respectively) and five counts of pornography involving juveniles in violation of La. R.S. 14:81.1(A)(1) and 14:81.1(E)(4)(a) (Counts 6 through 10, specifically referencing T.J., A.M., K.J., J.H., and Z.S., respectively). Mayweather originally pled not guilty to all counts, then ultimately withdrew his not guilty plea and pled guilty to the amended Counts 1 (T.J.), 2 (A.M.), 8 (K.J.), 9 (J.H.), and 10 (Z.S.). A PSI was ordered.

2

On September 18, 2024, the trial court sentenced Mayweather to 5 years each at hard labor without benefits of parole, probation, or suspension of sentence for the two counts of indecent behavior, Counts 1 and 2 (T.J. and A.M.), and 10 years each at hard labor without benefits of parole, probation, or suspension of sentence for the three counts of pornography involving juveniles, Counts 8, 9, and 10 (K.J., J.H., and Z.S.). Count 1 was to run concurrently with Count 8, Count 2 was to run concurrently with Count 9, and Counts 8, 9, and 10 were to run consecutively with each other, for a total sentence of 30 years at hard labor without benefits of parole, probation, or suspension of sentence.

On October 16, 2024, Mayweather filed a motion to reconsider sentence, which was denied, and a motion for appeal, which was granted.

## DISCUSSION

Mayweather argues that consecutive sentences totaling 30 years at hard labor without the benefit of probation, parole, or suspension of sentence are excessive for the three counts of pornography involving juveniles. He asserts that the court failed to provide any reasons or justification for imposing consecutive sentences, especially considering the offenses arose out of the same series of acts or transactions, as set out in the bill of information and the plea agreement.

Appellate courts employ a two-prong test when reviewing an excessive sentence claim: (1) the trial record must demonstrate that the trial court complied with the guidelines in La. C. Cr. P. art. 894.1 (list of sentencing factors); and (2) the appellate court must determine if the sentence is constitutionally excessive. *State v. Sanders*, 54,261 (La. App. 2 Cir. 3/9/22), 335 So. 3d 527; *State v. Cooksey*, 53,660 (La. App. 2 Cir.

3

5/26/21), 316 So. 3d 1284, *writ denied*, 21-00901 (La. 10/12/21), 325 So. 3d 1074; *State v. Gardner*, 46,688 (La. App. 2 Cir. 11/2/11), 77 So. 3d 1052.

Articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. *State v. Duncan*, 53,194 (La. App. 2 Cir. 1/15/20), 290 So. 3d 251. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332. Important elements to be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *DeBerry*, *supra*. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Shipp*, 30,562 (La. App. 2 Cir. 4/8/98), 712 So. 2d 230. If the record supports the sentence imposed, the appellate court shall not set aside a sentence for excessiveness. *Id*. There is no requirement that specific matters be given particular weight at sentencing. *DeBerry*, *supra*; *State v. Shumaker*, 41,547 (La. App. 2 Cir. 12/13/06), 945 So. 2d 277, *writ denied*, 07-0144 (La. 9/28/07), 964 So. 2d 351.

A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980);

4

*State v. Bell*, 53,712 (La. App. 2 Cir. 1/13/21), 310 So. 3d 307; *State v. Jackson*, 51,575 (La. App. 2 Cir. 9/27/17), 244 So. 3d 764. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *DeBerry*, *supra*; *State v. Modisette*, 50,846 (La. App. 2 Cir. 9/28/16), 207 So. 3d 1108. As a general rule, maximum or near-maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Cozzetto*, 07-2031 (La. 2/15/08), 974 So. 2d 665; *State v. Gibson*, 54,400 (La. App. 2 Cir. 5/25/22), 338 So. 3d 1260, *writ denied*, 22-00978 (La. 3/7/23), 356 So. 3d 1053.

Trial courts have wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Trotter*, 54,496 (La. App. 2 Cir. 6/29/22), 342 So. 3d 1116; *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *Bell*, *supra*.

Although Louisiana law favors concurrent sentences for crimes committed as part of a single transaction, a trial court retains the discretion to impose consecutive sentences on the basis of other factors, including the offender's past criminality, violence in the charged crimes, or the risk that the defendant poses to the general safety of the community. *State v. Thomas*, 98-1144 (La. 10/9/98), 719 So. 2d 49; *State v. Reese*, 49,849 (La. App. 2 Cir. 5/20/15), 166 So. 3d 1175, *writ denied*, 15-1236 (La. 6/3/16), 192 So. 3d 760; *State v. Robinson*, 33,921 (La. App. 2 Cir. 11/1/00), 770 So. 2d 868. The relevant question upon review of a sentence continues to be

whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *Id*. When consecutive sentences are imposed for crimes arising out of the same act, the trial court must articulate particular justification for such a sentence beyond a mere articulation of the standard sentencing guidelines set forth in La. C. Cr. P. art. 894.1. *State v. Pittman*, 604 So. 2d 172 (La. App. 4 Cir. 1992), *writ denied*, 610 So. 2d 796 (La. 1993).

The trial court did not refer specifically to certain aggravating or mitigating factors pursuant to La. C.C. art. 894.1. However, it did discuss in detail Mayweather's background, education, health, criminal history (pointing out the lack thereof was common for this particular crime). The character letters in support of Mayweather as well as the letter from the mother of one of the victims were also described. The court expressed concern with the fact that Mayweather encouraged the creation and sharing of pornography rather than simply possession thereof. It also noted Mayweather's statement showed hints of remorse, but that it appeared he was more concerned with the position he was in rather than the problems he created. Further, the trial judge generally stated that he "considered all of these factors, especially in conjunction with the sentencing guidelines provided in La. C.C. art. 894.1."

Although Mayweather faced up to seven years for each count of indecent behavior with juveniles, he was sentenced to only five years at hard labor each. Those two counts were run concurrently with the first two counts of pornography involving juveniles, which were only 10 years at hard labor each, half the maximum sentence of 20 years each. The sentences for the three counts of pornography involving juveniles, 10 years at hard labor

6

each, ran consecutively. Hence, Mayweather's sentencing exposure consisted of 14 years total for the two counts of indecent behavior with juveniles and 60 years total for the three counts of pornography involving juveniles, a possible overall sentence of 74 years. He also received the benefit of a much lesser sentencing range by pleading guilty and having five additional charges dropped.

Mayweather's sentence is well supported by the record. He took advantage of his position as an educator to facilitate his crimes against the very children he was entrusted to protect. Instead of positively impacting the young, budding minds of those multiple children, he left them scarred. The State urges that not running the three counts consecutively would lessen the heinous nature of the crimes and would not give equal justice to the individual harm suffered by each victim and their family. We agree.

The trial court's imposition of the sentence was not shocking to the sense of justice or a needless infliction of pain and suffering, and it was not an abuse of its discretion. Accordingly, Mayweather's sentence of 30 years at hard labor without benefits is affirmed.

## CONCLUSION

For the reasons stated hereinabove, Mayweather's sentence is hereby AFFIRMED.